# EXHIBIT A

1    ELIZABETH A. FALCONE, CA Bar No. 219084
elizabeth.falcone@ogletreedeakins.com
2    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
3    222 SW Columbia Street, Suite 1500
Portland, OR  97201
4    Telephone:  503.552.2140
Facsimile:   503.224.4518

5

6    DAVID Z. FEINGOLD, CA Bar No. 280194
david.feingold@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
7    400 South Hope Street, Suite 1200
Los Angeles, CA  90071
8    Telephone:  213.239.9800
Facsimile:   213.239.9045

9

10   Attorneys for Defendant
JONES LANG LASALLE AMERICAS, INC.

11               **UNITED STATES DISTRICT COURT**

12               **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 13   ERIC BROWN, an individual, | Case No. 2:15-cv-03883 SJO (FFMx) |
| 14        Plaintiff, | **JLL'S OBJECTIONS TO AND MOTION TO STRIKE DECLARATION OF PAMELA MCKIBBIN TEREN** |
| 15        v. | |
| 16   JONES LANG LASALLE AMERICAS, INC.; and DOES 1-100, inclusive, | Date:          May 9, 2016 |
| 17 | Time:          10:00 a.m. |
| 18       Defendants. | Place:         Courtroom 1 |
| 19 | Complaint Filed:   April 7, 2015 |
| 20 | Trial Date:        June 28, 2016 |
| 21 | District Judge:     Hon. S. James Otero |
| | Magistrate Judge:  Hon. Frederick F. Mumm |

22

23

24

25

26

27

28

OBJECTIONS TO AND MOTION TO STRIKE DECLARATION OF PAMELA MCKIBBIN TEREN

# TABLE OF CONTENTS

I.    THE TEREN DECLARATION ATTACHES PRIVILEGED MATERIAL WHICH MUST BE STRICKEN UNDER RULE 26(B)(5)(B)........................................................................1

II.   GENERAL EVIDENTIARY GROUNDS ................................................3

      A.   Lack of Foundation ..................................................................3

      B.   Lack of Personal Knowledge ...................................................3

      C.   Argumentative Opinion and Improper Legal Conclusion ..............4

      D.   Hearsay .....................................................................................4

      E.   Irrelevant ..................................................................................4

III.  SPECIFIC OBJECTIONS ......................................................................4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bank of Camden v. State Bank and Trust Co.,*
    Case No. 5:13-CV-21 (MTT), 2014 U.S. Dist. LEXIS 32264, 2014
    WL 991782 (M.D. Ga. March 13, 2014) ........................................................3

*Bank Melli Iran v. Pahlavi,*
    58 F.3d 1406 (9th Cir. 1995) ...................................................................4

*Blair Foods, Inc. v. Ranchers Cotton Oil,*
    610 F.2d 665 (9th Cir. 1980) ...................................................................4

*Cal-Bay Corp. v. United States,*
    169 F.2d 15 (9th Cir. 1948)......................................................................4

*Head v. Glacier Northwest Inc.,*
    413 F.3d 1053 (9th Cir. 2005) .................................................................4

*Lawrence v. Dependable Med. Transp. Servs., L.L.C.,*
    No. 2:13-cv-0417-HRH, 2014 U.S. Dist. LEXIS 76046, at *8-9 (D.
    Ariz. June 4, 2014)....................................................................................3

*Orr v. Bank of Am., NT & SA,*
    285 F.3d 764 (9th Cir. 2002) ........................................................ *passim*

*Piasa Commercial Interiors, Inc. v. J.P. Murray Co.,*
    Case No. 07-617-DRH, 2010 U.S. Dist. LEXIS 27234, 2010 WL
    1241563 (S.D. Ill. Mar. 23, 2010)...........................................................3

*U.S. v. Dibble,*
    429 F.2d 598 (9th Cir. 1970) ...................................................................3

*U.S. v. Shumway,*
    199 F.3d 1093 (9th Cir. 1999) .................................................................3

*United States v. Koon,*
    34 F.3d 1416 (9th Cir. 1994) (reversed on another ground in *Koon v.*
    *United States,* 518 US 81 (1996))...........................................................4

i

TABLE OF AUTHORITIES

Exhibit A - Page 5

**Statutes**

FMLA ................................................................................................................7

**Other Authorities**

Fed. R. Evid. 401, 402 .....................................................................................4

Fed. R. Evid. 602 ..................................................................................... *passim*

Fed. R. Evid. 701 ...............................................................................................4

Fed. R. Evid. 703 ...............................................................................................3

Fed. R. Evid. 801 ...............................................................................................4

Fed. R. Evid. 802 ............................................................................... 4, 9, 10, 12

Fed. R. Evid. 901(a) ................................................................................ *passim*

Fed. R. Evid. 701(b) ..........................................................................................4

Fed. R. Civ. P. 26(b)(5) .......................................................................... *passim*

TABLE OF AUTHORITIES

Case No. 2:15-cv-03883 SJO (FFMx)

Exhibit A - Page 6

1    As set forth below, the Declaration of Pamela McKibbin Teren in Opposition

2    to Defendant Jones Lang Lasalle Americas, Inc.'s Motion for Summary Judgment or,

3    in the Alternative, Partial Summary Judgment (hereafter, the "Teren Declaration")

4    includes numerous inadmissible statements.   Based on the following evidentiary

5    grounds, JLL respectfully requests that the Court sustain its objections and strike

6    portions of the Teren Declaration referred to in Section III, below.

7
## I.    THE TEREN DECLARATION ATTACHES PRIVILEGED
8    **MATERIAL WHICH MUST BE STRICKEN UNDER RULE 26(B)(5)(B)**
9    Brown's counsel has committed a serious violation of the Federal Rules of

10   Civil Procedure.   During discovery, JLL produced a document that compiled various

11   communications, some of which were privileged.   *See* Supplemental Falcone Decl.,

12   ¶ 4.   It believed it had fully redacted all of the privileged content.   *Id.*   However, it

13   came to JLL's counsel's attention when preparing for the deposition Laura McCorry

14   (which   occurred   on   March   22,   2016)   that   there   were   some   privileged

15   communications that had been missed.   *Id.*   There were communications with JLL's

16   in-house counsel, Laura Garofalo, that were inadvertently missed during redaction.

17   *Id.*   Accordingly, on March 23, 2016, JLL's counsel sent Ms. Teren a letter notifying

18   her of the privileged documents in the original production bearing Bates-labels

19   JLL000132-JLL000144, providing her with a new set with all appropriate redactions

20   made, and asking her to dispose of the documents inadvertently produced.   *Id.,*

21   Exh. 2.   JLL received no response to this letter.   *Id.*

22   In connection with Brown's opposition to JLL's motion for summary

23   judgment, filed April 21, 2016, Ms. Teren included in Exhibit D to her declaration

24   documents that JLL had notified her were privileged.   Supplemental Falcone Decl.,

25   ¶ 5.   Specifically, she attached the original versions of JLL000141, JLL000132, and

26   JLL000133.   *Id.*   The same day the filing was made, counsel for JLL contacted

27   Ms. Teren   to   notify   her   that   she   had   violated   Federal   Rule   of   Civil

28   Procedure 26(b)(5)(B) by using information JLL had identified as privileged in her

filing. *Id.* Ms. Teren did not respond until the day JLL's reply and this motion were due, and even then there was no acknowledgement that she had violated Rule 26(b)(5)(B).

Rule 26(b)(5) governs claims of privilege, and subsection (B) provides clear direction as to what the parties are to do "[i]f information produced in discovery is subject to a claim of privilege." Fed. R. Civ. Proc. 26(b)(5)(B). If that occurs, "the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party ***must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved …*" *Id.* (emphasis added). The Rule goes on to provide that a party "may promptly present the information to the court under seal for a determination of the claim." *Id.* Brown's counsel did none of those things here. She did not "return, sequester, or destroy" the documents in question; rather, in direct contravention to the rule, she both used and publicly disclosed the documents in question, and she did not present the information to the Court to resolve the dispute before filing.

Because Rule 26(b)(5)(B) states that a party is not entitled to "use" information that another party has notified it is privileged, the documents in question should be stricken from the record. Further, Brown should not be allowed, at the eleventh hour, to have the Court decide the applicability of the privilege. To permit him to do so would be to undermine Rule 26(b)(5)(B)'s clear mandate that a privilege challenge must be made before a party attempts to introduce the covered discovery into the record. Brown had notice for weeks that JLL claimed the documents at issue were attorney-client privileged. He did nothing. Instead, he ignored the Rule's requirements. If history is any predictor, Ms. Teren will probably claim she did not know about Rule 26(b)(5)(B) (she has claimed ignorance of many federal rules throughout this case, despite her 25+ years of admission to the bar). *See* Supplemental Falcone Decl., ¶ 7, Exh. 5. Counsel has an obligation to familiarize

herself with the rules governing this action.  The Court should ignore Ms. Teren's repeated claims of lack of familiarity with basic civil procedure.

Ms. Teren may also claim that she did not know that Laura Garofalo, whose communications with other JLL employees Brown repeatedly brings up in his Opposition to summary judgment, was an attorney.  That may be true, but that does not excuse her failure to respond to JLL's March 23 letter or to seek relief from the Court if she felt attorney-client privilege improperly was claimed by JLL.

The consequence of Brown's failure to comply with Rule 26(b)(5)(B) is that he cannot use this information on summary judgment, or at all.  *Lawrence v. Dependable Med. Transp. Servs., L.L.C.*, No. 2:13-cv-0417-HRH, 2014 U.S. Dist. LEXIS 76046, at *8-9 (D. Ariz. June 4, 2014) (barring further use of document); *accord Bank of Camden v. State Bank and Trust Co.*, Case No. 5:13-CV-21 (MTT), 2014 U.S. Dist. LEXIS 32264, 2014 WL 991782, at *2 (M.D. Ga. March 13, 2014); *Piasa Commercial Interiors, Inc. v. J.P. Murray Co.*, Case No. 07-617-DRH, 2010 U.S. Dist. LEXIS 27234, 2010 WL 1241563, at *3 (S.D. Ill. Mar. 23, 2010).

## II.  **GENERAL EVIDENTIARY GROUNDS**

### A.    Lack of Foundation

Evidence introduced before a proper foundation has been laid is inadmissible. *U.S. v. Dibble*, 429 F.2d 598, 602 (9th Cir. 1970) (Foundation is laid by a witness with personal knowledge.  "The fact that the affiant is employed by the [company] and that the document was supposedly signed by somebody who is also in the [company] is patently insufficient to provide him with the necessary personal knowledge to authenticate it."); *U.S. v. Shumway,* 199 F.3d 1093, 1104 (9th Cir. 1999) (a declaration itself must contain facts showing the declarant's connection with the matters stated therein, establishing the source of his or her information).

### B.    Lack of Personal Knowledge

Evidence that is not based on a witness' personal knowledge is inadmissible (subject to the provisions of Rule 703 relating to opinion testimony by expert

1  witnesses).  Fed. R. Evid. 602; *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th

2  Cir. 1995) (declarations on "information and belief" entitled to no weight where

3  declarant lacks personal knowledge).

4        C.   <u>Argumentative Opinion and Improper Legal Conclusion</u>

5       Argumentative opinions and legal conclusions are not proper content for a

6  declaration.  Fed. R. Evid. 701.  Lay opinion testimony is admissible only if "*helpful*

7  *to a clear understanding* of the witness' testimony or the determination of a fact in

8  issue" (*i.e.*, helpful to the fact-finding process).  Fed. Rule Evid. 701(b) (emphasis

9  added); *United States v. Koon,* 34 F.3d 1416, 1430 (9th Cir. 1994) (reversed on

10  another ground in *Koon v. United States*, 518 US 81 (1996)).  Lay opinions are *not*

11  helpful, and hence not admissible, when the jury can readily draw the necessary

12  inferences and conclusions from the facts presented without aid of the opinion.

13  *Head v. Glacier Northwest Inc.*, 413 F.3d 1053, 1062–63 (9th Cir. 2005).

14        D.   <u>Hearsay</u>

15       Hearsay statements are inadmissible.  Fed. R. Evid. 801, 802; *Blair Foods,*

16  *Inc. v. Ranchers Cotton Oil,* 610 F.2d 665, 667 (9th Cir. 1980) ("hearsay evidence is

17  inadmissible and may not be considered by this court on review of a summary

18  judgment").  "Hearsay is 'a statement, other than one made by the declarant while

19  testifying at the trial or hearing, offered in evidence to prove the truth of the matter

20  asserted.'"  *Orr v. Bank of Am., NT & SA,* 285 F.3d 764, 778 (9th Cir. 2002) (quoting

21  Fed. R. Evid. 801(c)).

22        E.   <u>Irrelevant</u>

23       Evidence that is not relevant to a material fact in the case is inadmissible.  Fed.

24  R. Evid. 401, 402; *Cal-Bay Corp. v. United States,* 169 F.2d 15, 24 (9th Cir. 1948)

25  (Federal trial courts "should have a wide latitude in excluding evidence of remote

26  relevance.").

27  **III.**   **<u>SPECIFIC OBJECTIONS</u>**

28       The evidence proffered by Brown in the form of the Teren Declaration

contains numerous inadmissible statements that this Court should strike and/or exclude as inadmissible.

| | OBECTIONABLE MATERIAL | DEFENDANT'S EVIDENTIARY OBJECTIONS | RULING |
|---|---|---|---|
| 1. | Paragraph 2, entire paragraph. | Lack of foundation (Fed. R. Evid. 602); Failure to authenticate (Fed. R. Evid. 901(a)).<br><br>Ms. Teren, counsel in this case, has no foundation to declare the authenticity of Exhibit A, or to state that "there are no other job descriptions" for any position at JLL. | Sustained: ____<br><br>Overruled: ____ |
| 2. | Paragraph 3, entire paragraph and Exhibit B. | Lack of foundation (Fed. R. Evid. 602); Failure to authenticate (Fed. R. Evid. 901(a))<br><br>This evidence lacks foundation because this declarant failed to correctly authenticate this evidence. Here, authentication is lacking because the reporter's certification is missing. *Orr v. Bank of America*, 285 F.3d 764, 774-779 (9th Cir. 2002)("It is insufficient for a party to submit, without more, an affidavit from her counsel identifying the names of the deponent, the reporter, and the action and stating that the deposition is a 'true and correct copy.' [citation omitted] Such an affidavit lacks foundation." Accordingly, this evidence is inadmissible and cannot be used on summary judgment. | Sustained: ____<br><br>Overruled: ____ |
| 3. | Paragraph 4, entire paragraph and Exhibit C. | Lack of foundation (Fed. R. Evid. 602); Failure to authenticate (Fed. R. Evid. 901(a))<br><br>This evidence lacks | Sustained: ____<br><br>Overruled: ____ |

OBJECTIONS TO AND MOTION TO STRIKE DECLARATION OF PENELOPE A. PREOVOLOS

JLL, Brown --
Motion to Strike

Exhibit M Page 10

| | OBECTIONABLE MATERIAL | DEFENDANT'S EVIDENTIARY OBJECTIONS | RULING |
|---|---|---|---|
| | | foundation because this declarant failed to correctly authenticate this evidence. Here, authentication is lacking because the reporter's certification is missing. *Orr v. Bank of America*, 285 F.3d 764, 774-779 (9th Cir. 2002)("It is insufficient for a party to submit, without more, an affidavit from her counsel identifying the names of the deponent, the reporter, and the action and stating that the deposition is a 'true and correct copy.' [citation omitted]  Such an affidavit lacks foundation." Accordingly, this evidence is inadmissible and cannot be used on summary judgment. | |
| 4. | Paragraph 5, Exhibit D containing Bates-labels JLL000141 and JLL000132-133. | Fed. Rule. Civ. Proc. 26(b)(5)(B); Lack of foundation (Fed. R. Evid. 602); Failure to authenticate (Fed. R. Evid. 901(a)). Exhibit D contains information that, as described above, is privileged.  Brown is not permitted to use this information and has not moved the Court for any relief from the privilege claim. | Sustained: ____  Overruled: ____ |
| 5. | Paragraph 6, entire paragraph and Exhibit E. | Lack of foundation (Fed. R. Evid. 602); Failure to authenticate (Fed. R. Evid. 901(a)) This evidence lacks foundation because this declarant failed to correctly authenticate this evidence. Here, authentication is lacking because the reporter's certification is missing. *Orr v. Bank of America*, 285 F.3d 764, 774- | Sustained: ____  Overruled: ____ |

| | OBECTIONABLE MATERIAL | DEFENDANT'S EVIDENTIARY OBJECTIONS | RULING |
|---|---|---|---|
| | | 779 (9th Cir. 2002)("It is insufficient for a party to submit, without more, an affidavit from her counsel identifying the names of the deponent, the reporter, and the action and stating that the deposition is a 'true and correct copy.' [citation omitted]  Such an affidavit lacks foundation." Accordingly, this evidence is inadmissible and cannot be used on summary judgment. | |
| 6. | Paragraph 7, entire paragraph and Exhibit F. | Lack of foundation (Fed. R. Evid. 602); Failure to authenticate (Fed. R. Evid. 901(a)).<br><br>Ms. Teren, counsel in this case, has no foundation to declare the authenticity of all of the documents in Exhibit F.  Further, Ms. Teren mischaracterizes Ms. McCorry's testimony. McCorry testified that she did not receive the *certification* forms related to FMLA, which are the forms filled out by the employee's doctor.  LM 157:3-159:23, Exh. 7 to Supplemental Falcone Decl.  She testified that she *did* sometimes receive copies of the notices sent to the employee about whether leave had been granted.  *Id.*  Those are the documents JLL had Ms. McCorry authenticate in her declaration, *not* the doctor's certification form, which she admittedly did not receive.  This is not contradictory.  It makes sense that JLL would limit the employees who had access to the medical information on the certification, but allow more employees access to | Sustained: ____<br>Overruled: ____ |

| | OBECTIONABLE MATERIAL | DEFENDANT'S EVIDENTIARY OBJECTIONS | RULING |
|---|---|---|---|
| | | information about whether an employee had been granted leave or not. | |
| 7. | Paragraph 8, entire paragraph and Exhibit G. | Lack of foundation (Fed. R. Evid. 602); Failure to authenticate (Fed. R. Evid. 901(a))<br><br>This evidence lacks foundation because this declarant failed to correctly authenticate this evidence. Here, authentication is lacking because the reporter's certification is missing. *Orr v. Bank of America*, 285 F.3d 764, 774-779 (9th Cir. 2002)("It is insufficient for a party to submit, without more, an affidavit from her counsel identifying the names of the deponent, the reporter, and the action and stating that the deposition is a 'true and correct copy.' [citation omitted] Such an affidavit lacks foundation." Accordingly, this evidence is inadmissible and cannot be used on summary judgment. | Sustained: ____<br><br>Overruled: ____ |
| 8. | Paragraph 9, entire paragraph and Exhibit H. | Lack of foundation (Fed. R. Evid. 602); Failure to authenticate (Fed. R. Evid. 901(a))<br><br>This evidence lacks foundation because this declarant failed to correctly authenticate this evidence. Here, authentication is lacking because the reporter's certification is missing. *Orr v. Bank of America*, 285 F.3d 764, 774-779 (9th Cir. 2002)("It is insufficient for a party to submit, without more, an affidavit from her counsel identifying the names of the deponent, the reporter, and | Sustained: ____<br><br>Overruled: ____ |

| | OBECTIONABLE MATERIAL | DEFENDANT'S EVIDENTIARY OBJECTIONS | RULING |
|---|---|---|---|
| | | the action and stating that the deposition is a 'true and correct copy.' [citation omitted]  Such an affidavit lacks foundation." Accordingly, this evidence is inadmissible and cannot be used on summary judgment. | |
| 9. | Paragraph 10, entire paragraph. | Argumentative; misleading. Please see responsive statements in Supplemental Falcone Decl., ¶ 9. | Sustained: _____ Overruled: _____ |
| 10. | Paragraph 10, Exhibit I. | Lack of foundation (Fed. R. Evid. 602); Failure to authenticate (Fed. R. Evid. 901(a)). Ms. Teren, counsel in this case, has no foundation to declare the authenticity of Exhibit I, or to state what the SSA found or why it denied Brown benefits.  Further, Teren's statement that Brown's request for claims was denied is misleading because Brown has the right to appeal the denial of benefits and has testified that his claim is still pending.  Pl. 274:2-4. | Sustained: _____ Overruled: _____ |
| 11. | Paragraph 11, entire paragraph and Exhibit J. | Hearsay (the EEOC documents containing Brown's statements are hearsay subject to no exception) (Fed. R. Evid. 802); Lack of foundation (Fed. R. Evid. 602); Failure to authenticate (Fed. R. Evid. 901(a)). | Sustained: _____ Overruled: _____ |
| 12. | Paragraph 12, entire paragraph. | Hearsay (Ms. Teren's statements about the content of documents produced in the case are hearsay) (Fed. R. Evid. 802); Lack of foundation (Fed. R. Evid. 602); Failure to authenticate (Fed. R. Evid. 901(a)). | Sustained: _____ Overruled: _____ |

| | OBECTIONABLE MATERIAL | DEFENDANT'S EVIDENTIARY OBJECTIONS | RULING |
|---|---|---|---|
| | | Ms. Teren's opinions as to whether JLL produced documents showing it engaged in the interactive process are irrelevant. | |
| | | Fed. Rule. Civ. Proc. 26(b)(5)(B). | |
| | | Ms. Teren's statements are discussing privileged information found in Exhibit D. Brown is not permitted to use this information and has not moved the Court for any relief from the privilege claim. | |
| | | Argumentative; misleading. | |
| | | Please see responsive information in Supplemental Falcone Decl., ¶ 10. | |
| 13. | Paragraph 13, entire paragraph and Exhibit K. | Hearsay (Ms. Teren's statements about the content of documents produced in the case are hearsay) (Fed. R. Evid. 802); Lack of foundation (Fed. R. Evid. 602); Failure to authenticate (Fed. R. Evid. 901(a)).<br><br>Argumentative; misleading.<br><br>Please see responsive information in Supplemental Falcone Decl., ¶ 11. | Sustained: _____<br><br>Overruled: _____ |
| 14. | Paragraph 14, entire paragraph, and Exhibit L. | Lack of foundation (Fed. R. Evid. 602); Failure to authenticate (Fed. R. Evid. 901(a)).<br><br>This evidence lacks foundation because this declarant failed to correctly authenticate this evidence. Here, authentication is lacking because the reporter's certification is missing. *Orr v. Bank of* | Sustained: _____<br><br>Overruled: _____ |

| | OBECTIONABLE MATERIAL | DEFENDANT'S EVIDENTIARY OBJECTIONS | RULING |
|---|---|---|---|
| | | *America*, 285 F.3d 764, 774-779 (9th Cir. 2002)("It is insufficient for a party to submit, without more, an affidavit from her counsel identifying the names of the deponent, the reporter, and the action and stating that the deposition is a 'true and correct copy.' [citation omitted] Such an affidavit lacks foundation." Accordingly, this evidence is inadmissible and cannot be used on summary judgment. | |
| 15. | Paragraph 15, entire paragraph, and Exhibit M. | Lack of foundation (Fed. R. Evid. 602); Failure to authenticate (Fed. R. Evid. 901(a)).<br><br>This evidence lacks foundation because this declarant failed to correctly authenticate this evidence. Here, authentication is lacking because the reporter's certification is missing. *Orr v. Bank of America*, 285 F.3d 764, 774-779 (9th Cir. 2002)("It is insufficient for a party to submit, without more, an affidavit from her counsel identifying the names of the deponent, the reporter, and the action and stating that the deposition is a 'true and correct copy.' [citation omitted] Such an affidavit lacks foundation." Accordingly, this evidence is inadmissible and cannot be used on summary judgment. | Sustained: ____<br><br>Overruled: ____ |
| 16. | Paragraph 16, entire paragraph, and Exhibit N. | Lack of foundation (Fed. R. Evid. 602); Failure to authenticate (Fed. R. Evid. 901(a)).<br><br>Ms. Teren, counsel in this case, has no foundation to declare the authenticity of | Sustained: ____<br><br>Overruled: ____ |

| | OBECTIONABLE MATERIAL | DEFENDANT'S EVIDENTIARY OBJECTIONS | RULING |
|---|---|---|---|
| | | Exhibit N, nor to state what it is. | |
| 17. | Paragraphs 18-21, all lines, and Exhibits P-S. | Lack of foundation (Fed. R. Evid. 602); Failure to authenticate (Fed. R. Evid. 901(a)); Hearsay (the documents are hearsay, not subject to any exception to the hearsay rule) (Fed. R. Evid. 802)<br><br>Ms. Teren, counsel in this case, has no foundation to declare the authenticity of various Linked In profiles or the document regarding Mr. Cordero. | Sustained: \_\_\_\_<br><br>Overruled: \_\_\_\_ |

DATED:  April 25, 2016

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:  s/ Elizabeth A. Falcone
     Elizabeth A. Falcone
     David Z. Feingold

Attorneys for Defendant
JONES LANG LASALLE AMERICAS, INC.

OBJECTIONS TO AND MOTION TO STRIKE DECLARATION OF PAMELA MCKIBBIN TEREN

Exhibit A - Page 18