ELIZABETH A. FALCONE, CA Bar No. 219084
elizabeth.falcone@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500
Portland, OR 97201
Telephone: 503.552.2140
Facsimile: 503.224.4518

DAVID Z. FEINGOLD, CA Bar No. 280194
david.feingold@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213.239.9800
Facsimile: 213.239.9045

Attorneys for Defendant
JONES LANG LASALLE AMERICAS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC BROWN, an individual,<br><br>        Plaintiff,<br><br>      v.<br><br>JONES LANG LASALLE AMERICAS, INC.; and DOES 1-100, inclusive,<br><br>        Defendants. | Case No. 2:15-cv-03883 SJO (FFMx)<br><br>**DEFENDANT'S OBJECTIONS TO AND MOTION TO STRIKE THE DECLARATION OF ERIC BROWN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:        May 9, 2016<br>Time:       10:00 a.m.<br>Place:      Courtroom 1<br><br>Complaint Filed:  April 7, 2015<br>Trial Date:      June 28, 2016<br>District Judge:    Hon. S. James Otero<br>Magistrate Judge:  Hon. Frederick F. Mumm |

24630107_2.docx

# TABLE OF CONTENTS

**Page**

I.     GROUNDS FOR STRIKING BROWN'S ENTIRE DECLARATION ...................................................................... 1

    A.    Brown's Declaration is Untimely..................................... 1

    B.    Brown Failed to Sign His Declaration ............................ 1

II.    GENERAL EVIDENTIARY GROUNDS ............................... 2

    A.    Lack of Foundation and Lack of Personal Knowledge................. 2

    B.    Conclusory, Speculative, or Conjecture ......................... 2

    C.    Hearsay ...................................................... 2

    D.    Irrelevant.................................................... 3

    E.    Contradicts Deposition Testimony.............................. 3

    F.    Argumentative Opinion ....................................... 3

    G.    Best Evidence Rule ........................................... 3

III.    SPECIFIC OBJECTIONS ......................................... 4

24630107_2.docx

i          Case No. 2:15-cv-03883 SJO (FFMx)

DEFENDANT'S MOTION TO STRIKE THE DECLARATION OF ERIC BROWN IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Bank Melli Iran v. Pahlavi*,
   58 F.3d 1406 (9th Cir. 1995) ................................................................ 2

*Blair Foods, Inc. v. Ranchers Cotton Oil*,
   610 F.2d 665 (9th Cir. 1980) ................................................................ 2

*Cal-Bay Corp. v. U.S.*,
   169 F.2d 15 (9th Cir. 1948) .................................................................. 3

*Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*,
   397 F.3d 1217 (9th Cir. 2005) .......................................................*passim*

*Head v. Glacier Northwest Inc.*,
   413 F.3d 1053 (9th Cir. 2005) .............................................................. 3

*Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*,
   627 F.2d 919 (9th Cir. 1980) ................................................................ 2

*Kennedy v. Allied Mut. Ins. Co.*,
   952 F.2d 262 (9th Cir. 1991) ........................................................*passim*

*Orr v. Bank of Am., NT & SA*,
   285 F.3d 764 (9th Cir. 2002) ................................................................ 2

*U.S. v. Dibble*,
   429 F.2d 598 (9th Cir. 1970) ................................................................ 2

*U.S. v. Shumway*,
   199 F.3d 1093 (9th Cir. 1999) .............................................................. 2

*United States v. Bennett*,
   363 F. 3d 947 (9th Cir. 2004) ............................................................... 3

*United States v. Koon*,
   34 F.3d 1416 (9th Cir. 1994),
   reversed on another ground in
   *Koon v. United States*,
   518 U.S. 81 (1996) ............................................................................... 3

**California Statutes**

Cal. Gov't Code § 12964(d) ...................................................................... 5

**Other Authorities**

Fed. R. Evid. 401 .............................................................................*passim*

Fed. R. Evid. 402 .............................................................................*passim*

DEFENDANT'S MOTION TO STRIKE THE DECLARATION OF ERIC BROWN IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Fed. R. Evid. 602 ........................................................................................ *passim*

Fed. R. Evid. 701 ................................................................................................ 3

Fed. R. Evid. 801 ........................................................................................ *passim*

Fed. R. Evid. 802 ........................................................................................ *passim*

Fed. R. Evid. 901(a) ....................................................................................... 7, 9

Fed. R. Evid. 1002 ................................................................................... 3, 5, 13

Fed. Rule Evid. 701(b) ....................................................................................... 3

L.R. 5-4.3.4(a)(3) ............................................................................................... 1

L.R. 7-9 .............................................................................................................. 1

L.R. 7-12 ............................................................................................................ 1

24630107_2.docx

DEFENDANT'S MOTION TO STRIKE THE DECLARATION OF ERIC BROWN IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

As set forth below, the Declaration of Plaintiff Eric Brown ("Brown") in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment was filed untimely and improperly, and includes numerous inadmissible statements. Based on its untimeliness and improper signature, Defendant Jones Lang LaSalle Americas, Inc. ("JLL") respectfully requests that the Court strike Brown's declaration in its entirety.  JLL further requests, based on evidentiary grounds, that the Court sustain JLL's objections and strike portions of Brown's declaration referred to in Section III, below.

## I.    GROUNDS FOR STRIKING BROWN'S ENTIRE DECLARATION

### A.    Brown's Declaration is Untimely

Pursuant to the Local Rules of the United State District Court for the Central District of California, a non-moving party's opposition to a motion, and evidence in support thereof, must be filed no later than 21 days prior to the hearing date on the motion.  L.R. 7-9.  Here, the date set for JLL's Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment ("MSJ"), is May 9, 2016.  Consequently, Brown's deadline to file an opposition and supporting evidence was April 18, 2016.  Brown did not file his declaration in support of his Opposition to JLL's MSJ until April 26, 2016.  Consequently, it was untimely and should be struck in its entirety.  *See* L.R. 7-12 ("The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule).[1]

### B.    Brown Failed to Sign His Declaration

Pursuant to the Local Rules of the United States District Court for the Central District of California, "In the case of documents requiring signatures other than those of registered CM/ECF filers (***such as declarations***), the filer shall scan the hand-signed signature page(s) of the document in PDF format . . . ."  L.R. 5-4.3.4(a)(3).  Here, Brown's declaration bears an electronic signature in the format of "/s/ Eric

---

[1] Even assuming Plaintiff's deadline was April 25, 2016, as Plaintiff asserts in his Opposition to JLL's MSJ, Plaintiff still filed his declaration untimely by waiting to file it until April 26, 2016.

Brown," which is improper given Brown is not registered on CM/ECF.  Accordingly, the Court should strike Brown's declaration in its entirety.

## II.   GENERAL EVIDENTIARY GROUNDS

### A.   Lack of Foundation and Lack of Personal Knowledge

Evidence introduced before a proper foundation has been laid is inadmissible. Fed. R. Evid. 602; *see U.S. v. Dibble*, 429 F.2d 598, 602 (9th Cir. 1970) (foundation is laid by a witness with personal knowledge); *U.S. v. Shumway*, 199 F.3d 1093, 1104 (9th Cir. 1999) (a declaration must contain facts showing the declarant's connection with the matters stated, establishing the source of such information). Similarly, evidence not based on a lay witness' personal knowledge is inadmissible. Fed. R. Evid. 602; *see Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995).

### B.   Conclusory, Speculative, or Conjecture

Evidence that is conclusory or calls for speculation or conjecture is inadmissible.  Fed. R. Evid. 602; *see Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affidavit is insufficient if it is "speculative, conclusory, and unqualified opinion testimony," or if it draws inferences and is not based on personal knowledge).

### C.   Hearsay

Hearsay statements are inadmissible.  Fed. R. Evid. 801, 802; *see Blair Foods, Inc. v. Ranchers Cotton Oil*, 610 F.2d 665, 667 (9th Cir. 1980) ("[H]earsay evidence is inadmissible and may not be considered by this court on review of a summary judgment").  "Hearsay is a 'statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.'"  *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 778 (9th Cir. 2002) (quoting Fed. R. Evid. 801(c)).

/ / /

/ / /

24630107_2.docx

2

Case No. 2:15-cv-03883 SJO (FFMx)

DEFENDANT'S MOTION TO STRIKE THE DECLARATION OF ERIC BROWN IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### D.     Irrelevant

Evidence that is not relevant to a material fact in the case is inadmissible.  Fed. R. Evid. 401, 402; *Cal-Bay Corp. v. U.S.*, 169 F.2d 15, 24 (9th Cir. 1948) (federal trial courts "should have a wide latitude in excluding evidence of remote relevance").

### E.     Contradicts Deposition Testimony

A plaintiff may not avoid summary judgment by filing a declaration that contradicts prior sworn deposition testimony.  Any such "sham affidavits" must be ignored in determining whether a triable issue arises.  *See Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991); *Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1225 (9th Cir. 2005).

### F.     Argumentative Opinion

Argumentative opinions are not proper content for a declaration.  Fed. R. Evid. 701.  Lay opinion testimony is admissible only if "*helpful to a clear understanding of the witness' testimony or the determination of a fact in issue*" (*i.e.*, helpful to the fact-finding process).  Fed. Rule Evid. 701(b) (emphasis added); *United States v. Koon*, 34 F.3d 1416, 1430 (9th Cir. 1994) (reversed on another ground in *Koon v. United States*, 518 U.S. 81 (1996)).  Lay opinions are *not* helpful, and hence not admissible, when the jury can readily draw the necessary inferences and conclusions from the facts presented without aid of the opinion.  *Head v. Glacier Northwest Inc.*, 413 F.3d 1053, 1062–63 (9th Cir. 2005).

### G.     Best Evidence Rule

When evidence is based upon information obtained from a document, the document is the best evidence of its content.  Fed. R. Evid. 1002; *see United States v. Bennett*, 363 F. 3d 947, 953 (9th Cir. 2004) ("the [best evidence] rule . . . appl[ies] when a witness seeks to testify about the contents of a writing, recording or photograph without producing the physical item itself—particularly when the witness was not privy to the events those contents describe").

24630107_2.docx

3

Case No. 2:15-cv-03883 SJO (FFMx)

DEFENDANT'S MOTION TO STRIKE THE DECLARATION OF ERIC BROWN IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## III.   **SPECIFIC OBJECTIONS**

The evidence proffered by Brown in his declaration contains numerous inadmissible statements that the Court should strike and/or exclude as inadmissible.

| | OBJECTIONABLE MATERIAL | JLL'S EVIDENTIARY OBJECTIONS | RULING |
|---|---|---|---|
| 1. | ¶ 2, page 1, lines 12-14: "In the 1990s, I had an accident and injured my back. This injury limited my physical abilities, but I was able to continue working in the ACE position." | Irrelevant (Fed. R. Evid. 401, 402). Brown admits he did not become a JLL employee until 2001. *See* Brown's Declaration ¶ 2, lines 9-11.<br><br>Lacks Foundation; Conclusory (Fed. R. Evid. 602). Brown has not presented any evidence that his purported physical limitations were in any way related to the conditions that are at issue in this suit or his restrictions imposed in November 2013. Further, Brown is not a physician and lacks foundation to diagnose himself. | Sustained: _____<br>Overruled: _____ |
| 2. | ¶ 2, page 1, lines 14-18: "In our about 2002 or 2003, I reinjured my back and had another surgery. I was on leave for approximately three to four months and when I presented [Enswins Cordero] with my physical restrictions, Cordero showed no concern and said nothing; he accommodated my restrictions." | Irrelevant (Fed. R. Evid. 401, 402); Conclusory (Fed. R. Evid. 602). Brown has not presented any evidence that his purported physical limitations were in any way related to the conditions that are at issue in this suit or his restrictions imposed in November 2013. | Sustained: _____<br>Overruled: _____ |
| 3. | ¶ 2, page 1, lines 18-23: "In or about 2011, I injured my right shoulder when I was assisting contractors at JLL in the back of the cafeteria when the ice machine bin fell | Irrelevant (Fed. R. Evid. 401, 402).<br><br>Conclusory (Fed. R. Evid. 602). Brown has not presented any evidence that his purported physical | Sustained: _____<br>Overruled: _____ |

DEFENDANT'S MOTION TO STRIKE THE DECLARATION OF ERIC BROWN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

24630107_2.docx

| | OBJECTIONABLE MATERIAL | JLL'S EVIDENTIARY OBJECTIONS | RULING |
|---|---|---|---|
| | off the dolly and pinned me against the wall. When I returned to work with physical restrictions and presented them to Cordero, he again accommodated my restrictions." | limitations were in any way related to the conditions that are at issue in this suit or his restrictions imposed in November 2013. | |
| 4. | ¶ 4, page 2, entire paragraph. | Lack of foundation (Fed. R. Evid. 602); Hearsay (Fed. R. Evid. 801, 802); Best evidence rule (Fed. R. Evid. 1002). | Sustained: _____ <br> Overruled: _____ |
| 5. | ¶ 5, page 2, entire paragraph. | Lack of foundation (Fed. R. Evid. 602).  Brown does not establish how he is aware of Cordero allegedly paying another employee on-call pay.  Possibly hearsay (Fed. R. Evid. 801, 802); Irrelevant; Brown was the only ACE at the facility; employees in other jobs can be paid differently than he is paid without any discrimination. | Sustained: _____ <br> Overruled: _____ |
| 6. | ¶ 6, page 2, lines 18-19: "Cordero's rule prohibiting me from using the private restroom in our office continued up until my last injury in November 2013." | Irrelevant (Fed. R. Evid. 401, 402).  Cordero's alleged prohibition against Brown's use the restroom occurred in April 2011; Brown failed to exhaust administrative remedies until at least August 2014, so Cordero's alleged restroom prohibition falls outside the statute of limitations.  *See* Cal. Gov't Code § 12964(d). | Sustained: _____ <br> Overruled: _____ |
| 7. | ¶ 6, page 2, lines 19-23: "Although Quiroz was designated to report to me, due to Cordero's instructions, he reported often to Cordero instead of | Lack of foundation and personal knowledge (Fed. R. Evid. 602).  Brown does not establish how he is aware of Cordero's alleged instructions to Quiroz and | Sustained: _____ <br> Overruled: _____ |

Case No. 2:15-cv-03883 SJO (FFMx)

DEFENDANT'S MOTION TO STRIKE THE DECLARATION OF ERIC BROWN IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

| | OBJECTIONABLE MATERIAL | JLL'S EVIDENTIARY OBJECTIONS | RULING |
|---|---|---|---|
| | me. Karen Williams was the same – although she was supposed to report to me, Cordero often intercepted and changed the reporting structure so that she reported directly to him instead of me." | Williams. | |
| 8. | ¶ 6, page 2, lines 25-26: "Cordero allowed Williams to report directly to him, and not to me, despite me being the ACE, which should have been her direct supervisor." | Lack of foundation and personal knowledge (Fed. R. Evid. 602). Brown does not establish how he is aware of Cordero's alleged instructions to Williams. | Sustained: _____ Overruled: _____ |
| 9. | ¶ 7, pages 2-3, entire paragraph. | Irrelevant (Fed. R. Evid. 401, 402); Hearsay (Fed. R. Evid. 801, 802).<br><br>Contradicted by testimony. *See Kennedy*, 952 F.2d at 266; *Hambleton Bros. Lumber Co.*, 397 F.3d at 1225.<br><br>Deposition testimony contradicted:<br><br>"Q     You're aware of Jones Lang LaSalle's hotline where you can make complaints; right?<br><br>A     Yes.  It's an –<br><br>Q     And –<br><br>A     -- ethics code, I think, or something like that, yes."<br><br>"Q     Is it true that every year you were asked to affirm you had read JLL's code of ethics?<br><br>A     Yes.<br><br>Q     And did you read the code of ethics? | Sustained: _____ Overruled: _____ |

Case No. 2:15-cv-03883 SJO (FFMx)

DEFENDANT'S MOTION TO STRIKE THE DECLARATION OF ERIC BROWN IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

24630107_2.docx

| | | OBJECTIONABLE MATERIAL | JLL'S EVIDENTIARY OBJECTIONS | RULING |
|---|---|---|---|---|
| | | | A    <u>Yes</u>, absolutely.<br><br>Q    <u>And every year you were asked to affirm that you would comply with JLL's code of ethics; correct?</u><br><br>A    <u>Correct</u><br><br>Q    <u>And did you agree to comply with it?</u><br><br>A    <u>I did</u>."<br><br>(Pl. Depo. 235:12-17, 236:1-11).[2] | |
| 10. | | ¶ 8, page 3, entire paragraph, and Exhibit "J" to the Declaration of Pamela McKibbin Teren. | Failure to authenticate (Fed. R. Evid. 901(a)). Ms. Teren's declaration, to which Exhibit "J" is attached, lacks foundation and fails to authenticate such exhibit. | Sustained: _____<br><br>Overruled: _____ |
| 11. | | ¶ 9, page 3, entire paragraph. | Lack of foundation and personal knowledge; Speculation (Fed. R. Evid. 602).<br><br>Irrelevant (Fed. R. Evid. 401, 402). Brown testified the reason he received over-scale pay was different from the reason others received over-scale pay. Accordingly these issues do not prove anything:<br><br>"Q    <u>How did you end up getting paid over scale? What led to you initially getting that over-scale payment?</u><br><br>A    Oh, because when | Sustained: _____<br><br>Overruled: _____ |

---

[2] Referenced excerpts from Plaintiff's deposition can be found in **Exhibit 1** to the Declaration of Elizabeth A. Falcone in Support of Defendant's Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment, filed on April 6, 2016.

Case No. 2:15-cv-03883 SJO (FFMx)

DEFENDANT'S MOTION TO STRIKE THE DECLARATION OF ERIC BROWN IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

24630107_2.docx

| | OBJECTIONABLE MATERIAL | JLL'S EVIDENTIARY OBJECTIONS | RULING |
|---|---|---|---|
| | | Glen Gowan, the – the chief engineer before Eddie, passed, <u>I was acting chief</u>." | |
| | | "Q    Okay.  <u>Karen Williams did – never got over-scale pay for the same reason you did, which was because she was the acting chief; correct?</u> | |
| | | A    <u>Correct</u>. | |
| | | Q    <u>She had over-scale pay for some other reason; correct?</u> | |
| | | A    <u>Yes</u>. | |
| | | Q    What reason was that? | |
| | | A    She was working various shifts, so she got the – she got the graveyard – graveyard pay for – she was a rover, what they call a rover." | |
| | | "Q    <u>And why did Mike Siacunco – Siacunco have over-scale pay, to your knowledge?</u> | |
| | | A    <u>To my knowledge, it was a deal that he made – had to do with his apprenticeship.  He – if he finished up – if I understand this correctly, if he finished up his apprenticeship, he was to get the over-scale pay</u>." | |
| | | "Q    Okay.  <u>But Mr. Siacunco wasn't getting over-scale pay for performing acting chief duties; correct?</u> | |
| | | A    <u>Correct</u>.  But – | |
| | | Q    Okay.  What – what basis do you have for believing that Eddie Cordero was getting over- | |

DEFENDANT'S MOTION TO STRIKE THE DECLARATION OF ERIC BROWN IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

24630107_2.docx

| | OBJECTIONABLE MATERIAL | JLL'S EVIDENTIARY OBJECTIONS | RULING |
|---|---|---|---|
| | | scale pay? <br><br> A    He told me. <br><br> Q    What did you understand Mr. Cordero to be getting over-scale pay for? <br><br> A    For coming – coming to a – Brea as a chief and having the truck route." <br><br> (Pl. Depo. 111:19-24, 113:11-114:4, 114:10-16, 114:23-115:9). | |
| 12. | ¶ 10, page 3, entire paragraph, and Exhibit "K" to the Declaration of Pamela McKibbin Teren. | Lack of foundation (Fed. R. Evid. 602); failure to authenticate (Fed. R. Evid. 901(a)).  Ms. Teren's declaration, to which Exhibit "K" is attached, lacks foundation and fails to authenticate such exhibit. <br><br> Irrelevant (Fed. R. Evid. 401, 402).  Brown's desire to work is not relevant, nor is his understanding of Cordero's email; only Brown's ability to perform his essential job functions is relevant. | Sustained: _____ <br> Overruled: _____ |
| 13. | ¶ 11, pages 3-4, entire paragraph. | Irrelevant (Fed. R. Evid. 401, 402).  Brown was deemed "temporarily totally disabled" from January 31, 2014, until July 15, 2015, and could not have returned to work as of the date of his email exchange with Cordero, anyhow. <br><br> Contradicted by testimony. *See Kennedy*, 952 F.2d at 266; *Hambleton Bros.* | Sustained: _____ <br> Overruled: _____ |

DEFENDANT'S MOTION TO STRIKE THE DECLARATION OF ERIC BROWN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

24630107_2.docx

| | OBJECTIONABLE MATERIAL | JLL'S EVIDENTIARY OBJECTIONS | RULING |
|---|---|---|---|
| | | *Lumber Co.*, 397 F.3d at 1225.  Brown did in fact receive a communication about returning to work from Laura McCorry, as he admitted: | |
| | | "Q     Mr. Brown, have you ever seen Exhibit 13 before? | |
| | | A     Yes. | |
| | | Q     Did you receive Exhibit 13 from Laura McCorry at Jones Lang LaSalle? | |
| | | A     I did." | |
| | | "Q     Exhibit 13 is dated April 15, 2015, correct? | |
| | | A     Correct | |
| | | Q     Do you believe – believe you received Exhibit 13 on or about April 16th or 17th, 2015? | |
| | | A     Yes. | |
| | | Q     Okay.  And Ms. McCorry writes you and says: 'You have been on a leave of absence since November 25th, 2013.  We have received no indication from you that you will be able to return to work in the near future.  Therefore, we will [*sic*] filling your position at this time.  <u>Upon your certification to return to work, we will make reasonable efforts to restore you to an open position for which you are qualified</u>, but cannot guarantee that one may exist at that time.  If one does not exist, your employment will be terminated.'  Do you see that? | |

24630107_2.docx

| | OBJECTIONABLE MATERIAL | JLL'S EVIDENTIARY OBJECTIONS | RULING |
|---|---|---|---|
| | | A     Yes."<br><br>(Pl. Depo. 307:5-308:16). | |
| 14. | ¶ 12, page 4, entire paragraph. | Contradicted by testimony. *See Kennedy*, 952 F.2d at 266; *Hambleton Bros. Lumber Co.*, 397 F.3d at 1225.<br><br>Deposition testimony contradicted:<br><br>"Q     …I'm just trying to find out if there's anything else you think that Jones Lang LaSalle could have done to enable you to perform those duties, other than assign them to someone else.<br><br>A     Oh, okay.  Allow me to try it first.<br><br>Q     Allow you to try it and see if it injured you or hurt you?<br><br>A     See – see if it hurt me.  **See if I was capable of doing it**."<br><br>(Pl. Depo. 285:3-13). | Sustained: _____<br>Overruled: _____ |
| 15. | ¶ 13, pages 4-5, entire paragraph. | Irrelevant (Fed. R. Evid. 401, 402).<br><br>Lack of foundation; Speculation (Fed. R. Evid. 602).  Brown has no foundation or personal knowledge to determine whether his limitations would be "helpful" for a job application or interview. | Sustained: _____<br>Overruled: _____ |
| 16. | ¶ 14, page 5, entire | Conclusory (Fed. R. Evid. 602); Hearsay (Fed. R. | Sustained: _____ |

Case No. 2:15-cv-03883 SJO (FFMx)
DEFENDANT'S MOTION TO STRIKE THE DECLARATION OF ERIC BROWN IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

24630107_2.docx

| | OBJECTIONABLE MATERIAL | JLL'S EVIDENTIARY OBJECTIONS | RULING |
|---|---|---|---|
| | paragraph. | Evid. 801, 802). | Overruled: _____ |
| | | Contradicted by testimony. *See Kennedy*, 952 F.2d at 266; *Hambleton Bros. Lumber Co.*, 397 F.3d at 1225.  Brown testified to *specific* duties allegedly taken away from him, not wholesale reductions in his responsibilities: | |
| | | "Q    Did you ever have any job duties stripped from you while you worked at JLL? | |
| | | A    Yes. | |
| | | Q    What job duties were those? | |
| | | A    Oh.  They took away payroll from me.  He – he – he stripped away that I couldn't have meetings with my – with the crew." | |
| | | "Q    Okay.  Were there any other job duties that were taken from you besides payroll and holding meetings or individual meetings with the crew? | |
| | | A    Yes.  Towards the end – towards the end, like '14, '13, '14, they – he would let others – we would have like overtime on the weekend.  We'd have the projects.  And from that point on, he would – he would definitely bring someone else in, either Tim in, Bill in, someone else to do the overtime." | |
| | | (Pl. Depo. 255:25-256:6, 256:16-25). | |

DEFENDANT'S MOTION TO STRIKE THE DECLARATION OF ERIC BROWN IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

24630107_2.docx

| | OBJECTIONABLE MATERIAL | JLL'S EVIDENTIARY OBJECTIONS | RULING |
|---|---|---|---|
| 17. | ¶ 15, page 5, entire paragraph. | Lack of foundation (Fed. R. Evid. 602); Hearsay (Fed. R. Evid. 801, 802); Best evidence rule (Fed. R. Evid. 1002). | Sustained: _____ Overruled: _____ |
| 18. | ¶ 16, page 5, lines 23-24: "I know of at least one employee who Cordero suspended – an engineer named Greg Hyman." | Lack of foundation (Fed. R. Evid. 602); Hearsay (Fed. R. Evid. 801, 802). | Sustained: _____ Overruled: _____ |
| 19. | ¶ 16, page 5, lines 24-28: "I have also been present when Cordero wrote up Mike Siacunco. When Cordero wrote up Mike Siacunco, I was present when Cordero informed me that he had made the decision to write-up Siacunco and discipline him; Cordero did not wait to obtain Daniel Estrada's permission or approval to take this action against Siacunco." | Lack of personal knowledge (Fed. R. Evid. 602). Brown does not offer any admissible evidence as to how he was aware of Cordero's alleged decision to write up Siacunco without Estrada's prior permission.<br><br>Hearsay (Fed. R. Evid. 801, 802). | Sustained: _____ Overruled: _____ |
| 20. | ¶ 16, page 5, line 28, to page 6, line 2: "Cordero made it clear to me and other members of the crew that he was the boss and needed no one's permission to take any actions or implement any new procedures." | Conclusory (Fed. R. Evid. 602); Hearsay (Fed. R. Evid. 801, 802).<br><br>Contradicted by testimony. *See Kennedy*, 952 F.2d at 266; *Hambleton Bros. Lumber Co.*, 397 F.3d at 1225.<br><br>Deposition testimony contradicted:<br><br>"Q    Given that you were a union member, do you agree that Mr. Cordero could not just fire you without consulting with anyone? | Sustained: _____ Overruled: _____ |

Case No. 2:15-cv-03883 SJO (FFMx)

DEFENDANT'S MOTION TO STRIKE THE DECLARATION OF ERIC BROWN IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

24630107_2.docx

| | OBJECTIONABLE MATERIAL | JLL'S EVIDENTIARY OBJECTIONS | RULING |
|---|---|---|---|
| | | A    That's correct." | |
| | | "Q    Do you – do you know who Mr. Cordero had to consult with if he was considering firing you? | |
| | | A    His supervisor, Dan Estrada.  And then probably the union rep at that time.  I think his name was Steve something else." | |
| | | "Q    Okay.  He couldn't create policies for the entire company; correct? | |
| | | A    No. | |
| | | Q    And Mr. – No, he could not? | |
| | | A    For the entire company?  No, he could not. | |
| | | Q    Okay.  Could he, Mr. Cordero, to your knowledge, create policies for the entire Bank of America account? | |
| | | A    Not that I'm aware of, no. | |
| | | Q    Okay.  And could Mr. Cordero create policies for the entire Southern California, Los Angeles area portion of JLL? | |
| | | A    No.  Not – not on his own.  Not on his own." | |
| | | "Q    Did Mr. Cordero have the ability, if there was a printed JLL policy, like a code of ethics, did Mr. Cordero have the authority to change that? | |
| | | A    No, he didn't have the authority to, no." | |
| | | (Pl. Depo. 257:17-258:2, | |

DEFENDANT'S MOTION TO STRIKE THE DECLARATION OF ERIC BROWN IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

24630107_2.docx

| | OBJECTIONABLE MATERIAL | JLL'S EVIDENTIARY OBJECTIONS | RULING |
|---|---|---|---|
| | | 261:22-262:4, 262:11-14). | |
| 21. | ¶ 17, page 6, entire paragraph. | Lack of foundation and personal knowledge; Speculation (Fed. R. Evid. 602).<br><br>Irrelevant (Fed. R. Evid. 401, 402).  Brown testified the reason he received over-scale pay was different from the reason others received over-scale pay:<br><br>"Q    How did you end up getting paid over scale? What led to you initially getting that over-scale payment?<br>A    Oh, because when Glen Gowan, the – the chief engineer before Eddie, passed, I was acting chief."<br><br>"Q    Okay.  Karen Williams did – never got over-scale pay for the same reason you did, which was because she was the acting chief; correct?<br>A    Correct.<br>Q    She had over-scale pay for some other reason; correct?<br>A    Yes.<br>Q    What reason was that?<br>A    She was working various shifts, so she got the – she got the graveyard – graveyard pay for – she was a rover, what they call a rover."<br><br>"Q    And why did Mike Siacunco – Siacunco have | Sustained: _____<br>Overruled: _____ |

Case No. 2:15-cv-03883 SJO (FFMx)

DEFENDANT'S MOTION TO STRIKE THE DECLARATION OF ERIC BROWN IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

24630107_2.docx

| | OBJECTIONABLE MATERIAL | JLL'S EVIDENTIARY OBJECTIONS | RULING |
|---|---|---|---|
| | | over-scale pay, to your knowledge? | |
| | | A    To my knowledge, it was a deal that he made – had to do with his apprenticeship.  He – if he finished up – if I understand this correctly, if he finished up his apprenticeship, he was to get the over-scale pay." | |
| | | "Q    Okay.  But Mr. Siacunco wasn't getting over-scale pay for performing acting chief duties; correct? | |
| | | A    Correct.  But – | |
| | | Q    Okay.  What – what basis do you have for believing that Eddie Cordero was getting over-scale pay? | |
| | | A    He told me. | |
| | | Q    What did you understand Mr. Cordero to be getting over-scale pay for? | |
| | | A    For coming – coming to a – Brea as a chief and having the truck route." | |
| | | (Pl. Depo. 111:19-24, 113:11-114:4, 114:10-16, 114:23-115:9). | |
| | | Contradicted by testimony.  *See Kennedy*, 952 F.2d at 266; *Hambleton Bros. Lumber Co.*, 397 F.3d at 1225.  Brown testified Cordero did not make the decision to take away Brown's over-scale pay: | |
| | | "Q    Okay.  Do you know who made the decision to take away the over-scale pay | |

DEFENDANT'S MOTION TO STRIKE THE DECLARATION OF ERIC BROWN IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

24630107_2.docx

| | OBJECTIONABLE MATERIAL | JLL'S EVIDENTIARY OBJECTIONS | RULING |
|---|---|---|---|
| | | away?<br><br>A      It was someone in upper management with Jones Lang LaSalle.<br><br>Q      Okay.  Is it correct to say that it was not Mr. Cordero who made the decision to take your over-scale pay away?<br><br>A      Yes."<br><br>(Pl. Depo. 117:10-17). | |

DATED:  April 27, 2016

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:  /s/ David Z. Feingold
        Elizabeth A. Falcone
        David Z. Feingold

Attorneys for Defendant
JONES LANG LASALLE AMERICAS, INC.

DEFENDANT'S MOTION TO STRIKE THE DECLARATION OF ERIC BROWN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT