PAMELA MCKIBBIN TEREN (SBN: 150042)
pam@terenlawgroup.com
TEREN LAW GROUP
225 Avenue I, Suite 203
Redondo Beach, CA 90277
Telephone:  310.543.2300
Telecopy:    310.543.2303

Attorneys for Plaintiff ERIC BROWN

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC BROWN, an individual,<br><br>Plaintiff(s),<br><br>vs.<br><br>JONES LANG LASALLE AMERICAS, INC.; DOES 1 to 10,<br><br>Defendant(s). | Case No.        2:15-cv-03883 SJO (FFMx)<br>[Assigned to   Hon. S. James Otero]<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER (1) EXCUSING PLAINTIFF'S LATE-FILED OPPOSITION PAPERS AND PROCEDURAL DEFECTS IN PLAINTIFF'S SUBMITTED EVIDENCE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR SUMMARY ADJUDICATION; (2) STRIKING JLL'S OBJECTIONS TO AND MOTIONS TO STRIKE; AND (3) SEALING THE EVIDENCE TO WHICH JLL ASSERTS AN ATTORNEY-CLIENT PRIVILEGE OBJECTION UNTIL THE COURT IS ABLE TO RULE ON THE ISSUE.**<br><br>[Filed concurrently with the Notice, Declaration of Pam Teren and |

4-29-2016 memo pts and auth in support of ex parte application re oppn.docx

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[PROPOSED] Order]
Trial Date:  June 28, 2016
Complaint Filed:  April 7, 2015

# TABLE OF CONTENTS

I.    INTRODUCTION ............................................................................1

      A.    Background Relevant Facts ..............................................1

      B.    Reasons for this Ex Parte Application ............................2

      C.    Relief Sought by this Ex Parte ........................................4

II.   PROCEDURAL BACKGROUND ................................................4

      A.    The MSJ Filing Date ........................................................4

      B.    MSJ Filed On April 6, 2016 With No Meet and Confer .................5

      C.    The Opposition Papers Were Filed Less Than Forty-Eight Hours After Plaintiff's Counsel Learned of Her Calendaring Error And Plaintiff's Counsel Immediately Offered To Stipulate To An Extension Of Time For JLL's Reply Brief And Informed JLL that She Would Seek Ex Parte Relief For Her Untimely Filing. ...........6

      D.    Counsel Agreed to Mutual Withdrawal of Untimeliness Issues. ....7

      E.    JLL'S Counsel Demanded That Plaintiff Withdraw His Entire Opposition Because of Plaintiff's Counsel's New Alleged Rule 26 Violations.  ...........................................................7

      F.    JLL'S Reply Papers Seek to Strike All of Plaintiff's Evidence.  ..10

            1.    JLL Seeks to Strike Plaintiff's Counsel's Declaration i.e. the rest of Plaintiff's Evidence in Opposition to the MSJ on Alleged Rule 26(b)(5)(B) Violations ..............................11

            2.    JLL Seeks to Strike Plaintiff's Counsel's Declaration i.e. the rest of Plaintiff's Evidence in Opposition to the MSJ on Alleged Rule 26(b)(5)(B) Violations ..............................13

III.  ARGUMENT ..................................................................................14

      A.    Good Cause Exists for Plaintiff's Late-Filed Opposition and alleged Procedural and Authentication Defects including Plaintiff and his Counsel's Declaration and Attached Exhibits, Based On Excusable Neglect By Plaintiff's Counsel.  ................................14

            1.    The Late Filing of Plaintiff's Opposition. ..........................14

            2.    Plaintiff's Counsel's Failure to include the Court Reporter Certifications. ....................................................16

i

Memorandum of Points and Authorities in Support of Plaintiff's *Ex Parte* Application For An Order (1) Excusing Plaintiff's Late-Filed Opposition Papers And Procedural Defects In Plaintiff's Submitted Evidence To Defendant's Motion For Summary Judgment Or Summary Adjudication; (2) Striking JLL's Objections to And Motions to Strike; And (3) Sealing The Evidence To Which JLL Asserts An Attorney-Client Privilege Objection Until The Court Is Able To Rule On The Issue.

3.   **JLL Was Not Prejudiced by Any Alleged Procedural or Technical Defects** ..................................................................**17**

B.   **Plaintiff Moves To Strike JLL's Objections And Any New Matters Raised In JLL's Reply Papers.** ....................................................**19**

1.   **It was not Plaintiff's Burden to File a Motion For Relief From JLL's Unsupported Claim of Privilege and Inadvertent Production.** .................................................................**19**

IV.   **CONCLUSION** ..................................................................**22**

Memorandum of Points and Authorities in Support of Plaintiff's *Ex Parte* Application For An Order (1) Excusing Plaintiff's Late-Filed Opposition Papers And Procedural Defects In Plaintiff's Submitted Evidence To Defendant's Motion For Summary Judgment Or Summary Adjudication; (2) Striking JLL's Objections to And Motions to Strike; And (3) Sealing The Evidence To Which JLL Asserts An Attorney-Client Privilege Objection Until The Court Is Able To Rule On The Issue.

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Accardi v. Superior Court*
17 Cal.App.4th 341 (1993)................................................................21

*Ahanchian v. Xenon Pictures, Inc.,*
624 F.3d 1253 (9th Cir. 2010)................................................ passim

*Birchstein v. New United Moto Mfg., Inc.*
92 Cal.App.4th 994 (2001)................................................................21

*Briones v. Riviera Hotel & Casino,*
116 F.3d 379 (9th Cir. 1997) ..........................................................15

*Callan v. Christian Audigier, Inc.,*
263 F.R.D. 564 (C.D. Cal. 2009)......................................................20

*Cordova v. State Farm Ins. Co.*
(9th Cir. 1997) 124 F.3d 1145 ..........................................................21

*Gebretsadike v. Travelers Home & Marine Ins. Co.,*
103 F.Supp.3d 78, 86 (D. D.C. 2015) ..............................................21

*Lemoge v. U.S.,*
587 F.3d 1188 (9th Cir. 2009) ..........................................................17

*Maljack Prods., Inc. v. GoodTimes Home Video Corp.*
81 F3d 881 (9th Cir. 1996)................................................................17

*Martinez v. Stanford,*
323 F.3d 1178 (9th Cir. 2003) ..........................................................18

*Mogilefsky v. Superior Court,*
20 Cal.App.4th 1409 (1993)..............................................................21

*Orr v. Bank of America,*
285 F.3d 764 (9th Cir. 2002) .......................................................16, 17

*Pioneer Inv. Servs. V. Brunswick Assocs. Ltd. P'ship,*
507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)....................15

*QBAS Co v. C Walters Intercostal Corp.,*
2010 U.S. Dist. LEXIS 143945 (C.D. Cal. 2010) ............................17

iii

Memorandum of Points and Authorities in Support of Plaintiff's *Ex Parte* Application For An Order (1) Excusing Plaintiff's Late-Filed Opposition Papers And Procedural Defects In Plaintiff's Submitted Evidence To Defendant's Motion For Summary Judgment Or Summary Adjudication; (2) Striking JLL's Objections to And Motions to Strike; And (3) Sealing The Evidence To Which JLL Asserts An Attorney-Client Privilege Objection Until The Court Is Able To Rule On The Issue.

*Richards v. CH2M Hill, Inc.*
   26 Cal.4th 798 (2001)......................................................................21

*Singleton v. U.S. Gypsum Co.,*
   140 Cal.App.4th 1547 ....................................................................21

*Springs Industries, Inc. v. American Motorists Ins. Co.*
   137 FRD 238 (ND TX 1991)..........................................................21

*Zamani v. Carnes,*
   491 F.3d 990 (9th Cir. 2007) ........................................................19

## OTHER AUTHORITIES

Federal Rule of Evidence 502(b).........................................................20

FRCP 26(5)(B).....................................................................................19

FRCP 26(b)(5)(B)..................................................................8, 13, 19, 20

Local Rule 7.........................................................................................14

Local Rule 56.1(d)................................................................................17

Order (1)................................................................................................7

Page 4, "III Specific Objections" .........................................................12

Rule 26 ..........................................................................................1, 7, 8, 19

Rule 56 ................................................................................................18

Rule 26(f).............................................................................................5

Memorandum of Points and Authorities in Support of Plaintiff's *Ex Parte* Application For An Order (1) Excusing Plaintiff's Late-Filed Opposition Papers And Procedural Defects In Plaintiff's Submitted Evidence To Defendant's Motion For Summary Judgment Or Summary Adjudication; (2) Striking JLL's Objections to And Motions to Strike; And (3) Sealing The Evidence To Which JLL Asserts An Attorney-Client Privilege Objection Until The Court Is Able To Rule On The Issue.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

#### A.   Background Relevant Facts

This *ex parte* application was initially intended to seek relief from the Court for the late-filing by counsel for Plaintiff Eric Brown ("Plaintiff" or "Brown") of his Opposition papers ("Opposition") on April 21, 2016 to the motion for summary judgment, or in the alternative, summary adjudication ("MSJ") filed by defendant Jones Lang LaSalle Americas, Inc. ("Defendant" or "JLL") due to Plaintiff's counsel's admitted calendaring error.  It is now expanded to seek additional relief, based on procedural and technical objections JLL raises and on which JLL urges the Court to disregard Plaintiff's entire Opposition, refuse to consider any of Plaintiff's evidence and dismiss Plaintiff's entire case without even reaching the merits.

As to the untimely filing of Plaintiff's Opposition to MSJ, while Plaintiff's counsel acknowledges her calendaring error, Plaintiff submits that the error was based on excusable neglect and, to the extent any punishment for the error should occur, it should be against Plaintiff's counsel personally, as opposed to the dismissal of Plaintiff's meritorious claims.  Counsel for the parties had long ago agreed to provide Plaintiff's counsel time well above the minimum 8 days for opposing motions in the event that JLL filed a summary judgment motion.  This is evidenced by the parties Joint Rule 26 report which provided Plaintiff's counsel with over a month to prepare and file an opposition.

It was not until late-March 2016, when JLL first asked about a briefing schedule on its MSJ, proposing the minimum notice possible based on JLL filing its MSJ during the first and second weeks of April.  Plaintiff's counsel informed JLL's counsel that it would be impossible for her, a solo attorney with very limited support staff, to prepare his Opposition during that time frame due to the commitments on

Memorandum of Points and Authorities in Support of Plaintiff's *Ex Parte* Application For An Order (1) Excusing Plaintiff's Late-Filed Opposition Papers And Procedural Defects In Plaintiff's Submitted Evidence To Defendant's Motion For Summary Judgment Or Summary Adjudication; (2) Striking JLL's Objections to And Motions to Strike; And (3) Sealing The Evidence To Which JLL Asserts An Attorney-Client Privilege Objection Until The Court Is Able To Rule On The Issue.

1 this case, jury trials set on April 18th and April 25th in other cases, a respondent's

2 brief filing deadline on April 15th and multiple other deadlines.

3       When Plaintiff's counsel received the Pacer notification of JLL's filing late

4 on April 6, 2016, she checked the Rutter Guide to calendar the Opposition due date.

5 However, Plaintiff's counsel somehow misread the due date to be 14 days before the

6 hearing rather than 21 days, and calendared the Opposition response date for April

7 25, 2016.  On the evening of April 19, 2016, JLL's Counsel inquired whether

8 Plaintiff was opposing the motion since the Opposition was not filed, at which time

9 Plaintiff's counsel realized her error.  Plaintiff's counsel then worked non-stop until

10 filing the Opposition on April 21st sleeping three hours total during that time.

11       Upon filing the Opposition, Plaintiff's counsel immediately requested the

12 consent of JLL's counsel to mutually withdraw the untimeliness issues raised by

13 both parties with regard to the timeliness of filing their papers and offered to

14 stipulate to extend the hearing date so that JLL and the Court would not be

15 prejudiced by the error.  While JLL's Counsel indicated that JLL did not need an

16 extension of time and agreed to mutually withdraw untimeliness objections, JLL's

17 Counsel scolded Plaintiff's counsel for having raised procedural defects in JLL's

18 MSJ in the first place and reminding Plaintiff's counsel that courts prefer to resolve

19 motions on the merits.

20       **B.    Reasons for this Ex Parte Application**

21       Plaintiff now seeks relief for the untimely filing of his Opposition, as well as

22 other procedural errors and objections because JLL, by and through its counsel, in

23 its Reply, urge the Court to disregard Plaintiff's Opposition and to refuse to consider

24 any of Plaintiff's submitted evidence, and dismiss Plaintiff's entire case based on

25 procedural defects, including the late filing of Plaintiff's Opposition.  Specifically,

26 JLL asks the Court to:

27

28

Memorandum of Points and Authorities in Support of Plaintiff's *Ex Parte* Application For An Order (1) Excusing
Plaintiff's Late-Filed Opposition Papers And Procedural Defects In Plaintiff's Submitted Evidence To Defendant's
Motion For Summary Judgment Or Summary Adjudication; (2) Striking JLL's Objections to And Motions to Strike;
And (3) Sealing The Evidence To Which JLL Asserts An Attorney-Client Privilege Objection Until The Court Is Able
To Rule On The Issue.

(1) Strike all of Plaintiff's evidence on procedural and authenticity objections (by failing to include the court reporter certifications for depositions cited by Plaintiff's counsel, despite all but one deposition transcript had already been authenticated by JLL, claiming lack of authentication of documents produced by JLL, and striking the declarations of Plaintiff and his counsel);

(2) Reject the parties' agreement to waive untimeliness objections but impose the sanctions for untimely filings on Plaintiff alone as to the erroneous e-filing of Plaintiff Eric Brown's declaration that was done at the same time as the other Opposition papers which were excused, while permitting JLL lenience on it's late filings as to JLL's Objections and Motions to Strike Plaintiff and his counsel's declarations; and

(3) Strike Plaintiff's entire Opposition and all of Plaintiff's evidence because Plaintiff's counsel included and discussed the document previously produced by JLL, bate stamped "JLL 133" (an email between two non-lawyers wherein no legal advice is sought or mentioned, which "cc's" JLL's in-house attorney, Laura Garofalo ("Garofalo"). JLL contends this single e-mail is protected by the attorney-client privilege but was "inadvertently produced" to Plaintiff in November 2015. JLL contends that upon its mailing of the letter to Plaintiff on March 23, 2016, informing Plaintiff's Counsel of its inadvertent production as to 12 documents, it became Plaintiff's burden to file a motion for relief from JLL's objection to its admitted waiver, and that Plaintiff's failure to obtain this relief and subsequent public filing and reliance on document JLL 133 requires that Plaintiff's entire Opposition and all of Plaintiff's evidence opposing JLL's MSJ must be stricken, thereby requiring dismissal of Plaintiff's case. JLL 133 is part of a workers' compensation communication log comprised of pages JLL 132-144. The documents in this log (JLL 132-144):  (1) were heavily redacted by JLL's counsel when

**3**

Memorandum of Points and Authorities in Support of Plaintiff's *Ex Parte* Application For An Order (1) Excusing Plaintiff's Late-Filed Opposition Papers And Procedural Defects In Plaintiff's Submitted Evidence To Defendant's Motion For Summary Judgment Or Summary Adjudication; (2) Striking JLL's Objections to And Motions to Strike; And (3) Sealing The Evidence To Which JLL Asserts An Attorney-Client Privilege Objection Until The Court Is Able To Rule On The Issue.

1  originally produced in November 2015, without redactions on JLL 133; (2) were

2  identified in JLL's privilege log on February 29, 2016, but not JLL 133;  (3)  were

3  marked as an exhibit to McCorry's deposition on March 22, 2016 (defended by Ms.

4  Falcone and attended by JLL's in-house counsel); (4) were the subject of substantial

5  questions to McCorry, which JLL's counsel raised no privilege objections and

6  mentioned nothing about the alleged discovery of the inadvertent production at her

7  deposition that Ms. Falcone claims she discovered in her Supplemental Declaration

8  while preparing for McCorry's deposition.

9       C.  **Relief Sought by this Ex Parte**

10       By this *ex parte* application, Plaintiff seeks:

11       1.  Relief from the late-filed Opposition, including, Plaintiff's Notice of

12  Erratas filed in connection with Plaintiff's and Pamela McKibben Teren's

13  declaration, in response to alleged procedural defects and authentication issues,

14  including, as to JLL 133, deposition testimony cited and relied upon, and relief from

15  other alleged technical defects in Plaintiff's submitted evidence such that the Court

16  considers Plaintiff's Opposition and supporting evidence in ruling on JLL's MSJ;

17       2.  Striking JLL's Objections and Motion to Strike the declarations of

18  Plaintiff Eric Brown and Pamela McKibben Teren; and

19       3.  Sealing the evidence to which JLL asserts an attorney-client privilege

20  objection until the Court is able to rule on the issue.

21  II.  **PROCEDURAL BACKGROUND**

22       A.  **The MSJ Filing Date**

23       Plaintiff filed this lawsuit over one year ago. The parties agreed, via the Joint

24  Report, that JLL's MSJ would be filed by March 26, 2016 and that Plaintiff would

25  be afforded over 4 weeks from the service of a MSJ to prepare and file an

26  opposition.

27

28

**4**

Memorandum of Points and Authorities in Support of Plaintiff's *Ex Parte* Application For An Order (1) Excusing
Plaintiff's Late-Filed Opposition Papers And Procedural Defects In Plaintiff's Submitted Evidence To Defendant's
Motion For Summary Judgment Or Summary Adjudication; (2) Striking JLL's Objections to And Motions to Strike;
And (3) Sealing The Evidence To Which JLL Asserts An Attorney-Client Privilege Objection Until The Court Is Able
To Rule On The Issue.

In JLL's *ex parte* application filed on March 10, 2016, JLL unequivocally represented repeatedly to the Court that JLL's "anticipated Motion for Summary Judgment, based on the parties' Joint Rule Rule 26(f) Report, is due for filing on March 26, 2016." *See*, (Docket #13).  JLL expressly sought, *inter alia*, a thirty-day extension of JLL's deadline to file its MSJ, from March 26, 2016 to April 26, 2016, which was denied by this Court on March 16, 2016. (Docket #21).  The parties also agreed, and Plaintiff relied on the agreement, that Plaintiff would be provided at least three weeks to prepare his Opposition.

## B.    MSJ Filed On April 6, 2016 With No Meet and Confer

JLL's MSJ was filed after the March 26, 2016 deadline, without engaging in any meet and confer, at a time Plaintiff's counsel, a solo practitioner, had informed JLL's counsel that it would be impossible for her to prepare an opposition.  (Teren Decl. ¶15, Exh. "D").   Plaintiff's counsel anticipated that preparing an opposition would require at least seven long days dedicated solely to preparing the opposition and knew that this amount of time simply did not exist given her other obligations. Teren Decl. ¶16.  This was the extent of JLL's pre-filing meet and confer.

JLL's MSJ contains 31 issues and the Separate Statement of Facts exceeds 300 pages and the supporting evidence came in 40 separate electronic files, each of which had to be downloaded individually and reconnected in sequential order to correspond with the appropriate declaration. ( Teren Decl. ¶18).  As Plaintiff's counsel downloaded the 40+ electronic files, she reviewed the Rutter Guide to calendar the opposition due date, but incorrectly read the rules and erroneously understood and believed that Plaintiff's Opposition was due 14 days before the hearing, April 25, 2016.[1]  (Teren Decl. ¶¶16-18).

---

[1] Indeed, the same mistake was made by the Plaintiff in *Ahanchian v. Xenon Pictures, Inc.,* 624 F.3d 1253, 1259, fn.6 (9th Cir. 2010). citing the unique and shortened timeline of the Central District where other Districts in the circuit guarantee at least fourteen days to file Oppositions.

Memorandum of Points and Authorities in Support of Plaintiff's *Ex Parte* Application For An Order (1) Excusing Plaintiff's Late-Filed Opposition Papers And Procedural Defects In Plaintiff's Submitted Evidence To Defendant's Motion For Summary Judgment Or Summary Adjudication; (2) Striking JLL's Objections to And Motions to Strike; And (3) Sealing The Evidence To Which JLL Asserts An Attorney-Client Privilege Objection Until The Court Is Able To Rule On The Issue.

Plaintiff's counsel rearranged her schedule to dedicate her time from the afternoon of April 15th - the morning of April 21st and April 25th to preparing and filing Plaintiff's Opposition.  Plaintiff's counsel believed she was on track to timely file the Opposition.  Indeed, when JLL's Counsel asked Plaintiff's counsel in the afternoon on April 14, 2016, if she wanted to dismiss any of Plaintiff's claims, Plaintiff's Counsel informed her that she had not even had time to read the MSJ, and that she had dedicated the up-coming week-end and the following week to preparing the Opposition.  (Teren Decl. ¶¶19-29).

C.    **The Opposition Papers Were Filed Less Than Forty-Eight Hours After Plaintiff's Counsel Learned of Her Calendaring Error And Plaintiff's Counsel Immediately Offered To Stipulate To An Extension Of Time For JLL's Reply Brief And Informed JLL that She Would Seek Ex Parte Relief For Her Untimely Filing.**

Plaintiff's counsel learned of her calendaring error in the evening on Tuesday, April 19, 2016, via an email from JLL's Counsel asking if Plaintiff would oppose JLL's motion given that no papers were filed by the due date of Monday, April 18, 2016.  (Teren Decl. ¶21).  Plaintiff's counsel then rushed to complete and file Plaintiff's Opposition briefing (consisting of over 400 pages) on April 21, 2016 (on less than three hours of sleep).  (Teren Decl. ¶¶21-22).  Unbeknownst to Plaintiff's Counsel, when she e-filed Plaintiff's Declaration, she mistakenly submitted a second copy of her own declaration, even though the title of the document submitted was correct.

Immediately after filing the Opposition on Thursday, April 21, 2016, Plaintiff's counsel shared a Dropbox link with a courtesy copy of the filing to JLL's Counsel.  (Teren Decl. ¶22, Exh. "G.").  Plaintiff's counsel also sent JLL's Counsel an email explaining her incorrect reading of the rule and requested that JLL consent to the late-filed Opposition and stipulate to the extended time in which to reply and/or continue the hearing date so neither JLL or the Court are prejudiced. (Teren

Memorandum of Points and Authorities in Support of Plaintiff's *Ex Parte* Application For An Order (1) Excusing Plaintiff's Late-Filed Opposition Papers And Procedural Defects In Plaintiff's Submitted Evidence To Defendant's Motion For Summary Judgment Or Summary Adjudication; (2) Striking JLL's Objections to And Motions to Strike; And (3) Sealing The Evidence To Which JLL Asserts An Attorney-Client Privilege Objection Until The Court Is Able To Rule On The Issue.

Decl. ¶22, Exh. "G.")  Plaintiff's counsel indicated that she would be filing an *ex parte* application for an Order (1) excusing Plaintiff's late-filed Opposition to JLL's MSJ for good cause based on excusable neglect; and (2) extending the time for Defendant's Reply and/or continue the hearing date on JLL's MSJ.  The email concluded by asking JLL's Counsel to advise Plaintiff's counsel at their earliest convenience of their position on this and if they had any difficulty accessing the Dropbox to contact Plaintiff's counsel.  The correct copy of Brown's declaration was in the Dropbox folder.  (Teren Decl. ¶¶22-23).

### D.     Counsel Agreed to Mutual Withdrawal of Untimeliness Issues.

On Thursday evening, JLL's Counsel responded to Plaintiff's counsel's email seeking JLL's consent to Plaintiff's late-filed MSJ Opposition, stating that JLL would consent to Plaintiff's late-filing if Plaintiff withdrew his argument that JLL's motion was untimely.  (Teren Decl. ¶22, Exh. "G.")  Plaintiff's counsel immediately agreed to that condition.  *Id.*  JLL's counsel further stated that it did not need require additional time to file its Reply brief and, given the brevity of the Court's page allotment for the reply, JLL will file its reply brief on time, by Monday, April 25, 2016 at 5 p.m., so no ex parte relief is necessary on JLL's behalf.  *Id.*  JLL's Counsel stated:

> "We think the Court would appreciate the parties granting each other mutual courtesies, and (as you know) most courts prefer to decide motions on their merits."

*Id.*

### E.     JLL'S Counsel Demanded That Plaintiff Withdraw His Entire Opposition Because of Plaintiff's Counsel's New Alleged Rule 26 Violations.

Approximately two hours after JLL's Counsel's email of April 21,2016, JLL's Counsel commenced a series of e-mail communications to Plaintiff's counsel

Memorandum of Points and Authorities in Support of Plaintiff's *Ex Parte* Application For An Order (1) Excusing Plaintiff's Late-Filed Opposition Papers And Procedural Defects In Plaintiff's Submitted Evidence To Defendant's Motion For Summary Judgment Or Summary Adjudication; (2) Striking JLL's Objections to And Motions to Strike; And (3) Sealing The Evidence To Which JLL Asserts An Attorney-Client Privilege Objection Until The Court Is Able To Rule On The Issue.

demanding that she withdraw her entire Opposition based on newly claimed Rule 26 violations.  On Thursday, April 21, 2016, at 10:20 p.m. JLL's Counsel (David Feingold) sent an email stating:

> "[W]e noted Plaintiff referred, numerous times, to communications among Laura Garofalo, Brian Cheske, and Laura McCorry.  Those conversations were attorney-client privileged.  We informed you of that in the attached letter, sent on March 23, 2016, and asked you to (1) dispose of the original Hartford notes file containing the privileged communications and (2) replace it with a properly redacted version Bates stamped "JLL000751" through "JLL000764." Plaintiff's reliance on Ms. Garofalo's privileged communications, our notice to you nearly a month ago notwithstanding, is improper and in direct violation of FRCP 26(b)(5)(B), which required you "promptly return, sequester, or destroy the specified information" and not use it.  Accordingly, please immediately withdraw Plaintiff's Opposition and strike all references to Ms. Garofalo's communications, both in the Opposition itself and in Plaintiff's supporting evidence."

(Teren Decl. ¶28, Exh. "I.")

Plaintiff's counsel responded on Friday, April 22, 2016 at 10:16 a.m. that she was "about to get on a plane and would not have access to wi-fi- I do not believe I relied on anything privileged but will review this when I'm back on Monday." *Id.* Less than two hours later, JLL's Counsel (Elizabeth Falcone) emailed:

> "Pam, you clearly relied on the documents we indicated were privileged and requested by destroyed. This is a serious issue. It needs to be handled immediately.  Please do so. We expect a notice of withdrawal filed."

*Id.*

On Monday, April 25, 2016, Plaintiff's Counsel sent a detailed letter responding to JLL's new claims.  (Teren Decl. ¶29, Exh. "E.")  In her letter, Plaintiff's Counsel requested clarification as to what documents JLL claimed were privileged because of the three pages, JLL 132, 133 and 141, cited in Plaintiff's Opposition, two of them had no redactions even in the "new" set JLL provided.

**8**

Memorandum of Points and Authorities in Support of Plaintiff's *Ex Parte* Application For An Order (1) Excusing Plaintiff's Late-Filed Opposition Papers And Procedural Defects In Plaintiff's Submitted Evidence To Defendant's Motion For Summary Judgment Or Summary Adjudication; (2) Striking JLL's Objections to And Motions to Strike; And (3) Sealing The Evidence To Which JLL Asserts An Attorney-Client Privilege Objection Until The Court Is Able To Rule On The Issue.

Further, the set of documents JLL contends are privileged were originally produced in November 2015, in heavily redacted form, making it clear that they were carefully analyzed by JLL's counsel.  Additionally, when JLL produced a privilege log months later, the log identified pages from the same set of documents (JLL 132-144) as privileged, but did not include JLL 133, 133 or 141 in the list of identified privileged documents.  Indeed, at no time did JLL ever provide a privilege log including the newly claimed privileged documents set forth in the March 23, 2016 letter. Finally, Plaintiff's counsel pointed out that the email on JLL 133 from Cheske to Jobson, two non-lawyers, does not seek or offer anything resembling legal advice but rather, merely "cc's" Garofalo, who Plaintiff's counsel learned through a Google search, was JLL's in-house counsel.  *Id.*  Plaintiff's counsel concluded her letter by stating:

> "That being said, given the late timing of this issue being raised, the huge flurry of work between March 28-April 21, 2016, I had not realized this issue had been raised when filing the Opposition.  Had I realized this, I would have raised the issue with you and agreed to file the single page separately so that the court could make the determination of the issue.
>
> I don't believe that Plaintiff's entire opposition has to be withdrawn, but I am willing to work with you on a reasonable methodology to address the issue being raised.  To that end, please let me know what you propose that is something less than an entire withdrawal of the opposition.  Some possible suggestions:
>
> 1) I could file a request that the court seal the pages JLL 133 and those pages referencing this document, which are quite limited; and/or
>
> 2) We could request a separate hearing to permit the court to address whether the privilege applies to this document.
>
> Let me know your thoughts on this."

*Id.*

Memorandum of Points and Authorities in Support of Plaintiff's *Ex Parte* Application For An Order (1) Excusing Plaintiff's Late-Filed Opposition Papers And Procedural Defects In Plaintiff's Submitted Evidence To Defendant's Motion For Summary Judgment Or Summary Adjudication; (2) Striking JLL's Objections to And Motions to Strike; And (3) Sealing The Evidence To Which JLL Asserts An Attorney-Client Privilege Objection Until The Court Is Able To Rule On The Issue.

On April 27, 2016, JLL's Counsel responded.  JLL acknowledged that the only purported privileged communication boiled down to one document, JLL 133 in which Garofalo was carbon-copied on an email between Cheske and The Hartford's employee, Jobson.  However, JLL still claims it is privileged:

> "Although not visible in the Notes file, Mr. Cheske forwarded a privileged request from Ms. Garofalo.  Indeed, if you look at copies of the original emails, you will see we redacted Ms. Garafalo's direct communications with Mr. Cheske that led up to his email to Mr. Jobson. (See, JLL 687-689). In other words, Mr. Cheske was not simply copying Ms. Garafalo on his email, as you suggest; rather, his email was part and parcel of a privileged communication with Ms. Garofalo…. We did not redact Mr. Jobson's April 2, 2015 response to Mr. Cheske because that email merely reflects an update on Plaintiff's condition. Further, as you note, Mr. Jobson did not copy Ms. Garofalo, so the communication is not, on its face, privileged."

(Teren Decl. ¶31, Exh. "J.")

Based on this, JLL's Counsel demands that Plaintiff refile his Opposition and Plaintiff's Counsel's declaration after excising all factual assertions and any arguments that rely on the privileged communication; refile a notice of withdrawal and request to seal the original Opposition and her supporting declaration. Plaintiff's Counsel responded a few hours later with a 12-page letter detailing the course of events, setting forth the legal basis for her position and again suggesting that the parties request that the Court place JLL 133 under seal until the matter is resolved and seal any other portions of the filings JLL is concerned about. Plaintiff's Counsel provided notice that she was filing this *ex parte* application. (Teren Decl. ¶32, Exh. "K.")

### F.   **JLL'S Reply Papers Seek to Strike All of Plaintiff's Evidence.**

JLL e-filed its Reply papers ("Reply") to Plaintiff's Opposition, on April 25, 2016 consisting of: (1) JLL's Reply brief; (2) JLL's Objections to and Motion to

Memorandum of Points and Authorities in Support of Plaintiff's *Ex Parte* Application For An Order (1) Excusing Plaintiff's Late-Filed Opposition Papers And Procedural Defects In Plaintiff's Submitted Evidence To Defendant's Motion For Summary Judgment Or Summary Adjudication; (2) Striking JLL's Objections to And Motions to Strike; And (3) Sealing The Evidence To Which JLL Asserts An Attorney-Client Privilege Objection Until The Court Is Able To Rule On The Issue.

Strike the Declaration of Pamela McKibbin Teren ("JLL Objections"); and (3) Supplemental Declaration of Elizabeth Falcone in support of JLL's Objections to and Motion to Strike Plaintiff's Counsel's Declaration.  (Docket #41-43).

### 1. **JLL Seeks to Exclude Brown's Declaration Initially Due Solely to an E-Filing Error by Plaintiff's Counsel and all Deposition Exhibits Attached to Plaintiff's Counsel's Declaration Because the Court Reporter's Certifications were not Attached.**

After acknowledging the parties' mutual withdrawal of their timeliness issues, Footnote 1, Page 1 of JLL's Reply directs the Court to review Falcone's Initial and Supplemental Declaration that provides additional "support" of the moot issue that JLL did not file its MSJ late.  Footnote 2, Page 2 of JLL's Reply also raised -- for the first time -- that the document e-filed and labeled as Eric Brown's Declaration mistakenly was uploaded as Plaintiff's counsel's Declaration.  JLL objected to Plaintiff's anticipated correction of this error stating:

> "Brown's Opposition states he filed a declaration in support of his opposition, and that it shows that Cordero suspended someone. However, Dkt. No. 36 is not a declaration by Brown as its ECF title states. It is a duplicate of Brown's counsel's declaration. Should Brown belatedly file a declaration, JLL intends to object."

Docket #36.

JLL's Counsel emailed on Sunday, April 24, 2016 at 4:09 p.m., that she could not access the Dropbox while Plaintiff's counsel was out of town, but did not indicate any issues with Brown's declaration. (Teren Decl. ¶24, Exh. "H.")  As soon as Plaintiff's counsel learned of the e-filing error on Tuesday, April 26, 2016, she immediately re-filed it.  (Docket #46).  JLL's Counsel filed JLL's Objections to Plaintiff's corrected filing of Brown's declaration the following day, asking the Court to strike Brown's entire declaration for procedural defects, including, his e-signature on the declaration.  (Docket #47).

Memorandum of Points and Authorities in Support of Plaintiff's *Ex Parte* Application For An Order (1) Excusing Plaintiff's Late-Filed Opposition Papers And Procedural Defects In Plaintiff's Submitted Evidence To Defendant's Motion For Summary Judgment Or Summary Adjudication; (2) Striking JLL's Objections to And Motions to Strike; And (3) Sealing The Evidence To Which JLL Asserts An Attorney-Client Privilege Objection Until The Court Is Able To Rule On The Issue.

Upon reviewing the Reply papers and the Court's docket, Plaintiff's counsel also discovered that JLL's Counsel similarly erred in its e-filing of JLL's Objections to and Motion to Strike Plaintiff's counsel's Declaration.  Only eight of the eighteen pages were filed.  (Docket #42).  Indeed, the last ten pages which began on Page 4, "III Specific Objections" which were not filed, contained the crux of JLL's objections.  Plaintiff's counsel immediately notified JLL's Counsel, requested that they stipulate to waive the mutual e-filing errors and requested a copy of the missing pages.  (Teren Decl. ¶30, Exh. "F.")  JLL's Counsel's only response was to accuse Plaintiff's counsel of "mud-slinging."  *Id.*  JLL's Counsel then filed a "Notice of Errata" attaching JLL's corrected Objections several hours later.  Docket #45-1.

Upon reviewing the remainder of JLL's Objections, Plaintiff's counsel learned, for the first time, that JLL was objecting to all of the deposition transcripts attached to Plaintiff's counsel's Declaration because each of them did not include the reporter's certification.  Plaintiff's counsel promptly filed a Notice of Errata re: Original Filing of the Declaration of Eric Brown and Deposition Citations Attached to Teren's Declaration.  In it, Plaintiff's Counsel stated that "Plaintiff does not object to the Court's consideration of the corrected document JLL filed due to what appears to be a similar, inadvertent error."

Likewise, Plaintiff's counsel attached as Exhibit "A" to the Notice of Errata, the court reporters' certifications for the depositions cited in Plaintiff's counsel's declaration.  She stated that "Until receiving JLL's complete document, Plaintiff was unaware that JLL had an objection to the use of deposition transcripts for depositions their counsel took and attended and was unaware of a requirement to include the reporter's certification in addition to counsel's declaration" and immediately rectified it.  Docket #46.  Plaintiff's counsel immediately emailed courtesy copies of the Notice of Errata and Brown's Declaration to JLL's Counsel.

Memorandum of Points and Authorities in Support of Plaintiff's *Ex Parte* Application For An Order (1) Excusing Plaintiff's Late-Filed Opposition Papers And Procedural Defects In Plaintiff's Submitted Evidence To Defendant's Motion For Summary Judgment Or Summary Adjudication; (2) Striking JLL's Objections to And Motions to Strike; And (3) Sealing The Evidence To Which JLL Asserts An Attorney-Client Privilege Objection Until The Court Is Able To Rule On The Issue.

2. **JLL Seeks to Strike Plaintiff's Counsel's Declaration i.e. the rest of Plaintiff's Evidence in Opposition to the MSJ on Alleged Rule 26(b)(5)(B) Violations**

JLL essentially seeks to strike the rest of Plaintiff's evidence submitted in support of Plaintiff's Opposition in its Objections by claiming that Plaintiff's Counsel violated FRCP 26(b)(5)(B). JLL's argument is based on one email in document JLL 133. JLL contends this email is an attorney-client privileged communication, which it inadvertently produced in November 2015, and inadvertently failed to identify in it's February 29, 2016 privilege log or any other. (Teren Decl. ¶¶2-7.) JLL's Counsel claimed to have discovered the privileged material while preparing for McCorry's March 22, 2016 deposition. However, JLL's Counsel said nothing about it when Plaintiff's counsel marked the set of documents JLL 132-144 as Exhibit 2 to McCorry's deposition and questioned McCorry extensively about these documents. (Teren Decl. ¶¶8-10.)

JLL then contends that Plaintiff's Counsel will probably claim ignorance of the federal rules because "(she has claimed ignorance of many federal rules throughout this case, despite her 25+ admission to the bar)," attaching a copy of Plaintiff's Counsel's bar record, concluding that "[t]he consequence of Brown's failure to comply with Rule 26(b)(5)(B) is that he cannot use this information on summary judgment." (JLL's Objections, Exh. A, P.8-9.) JLL's Counsel then cites multiple out-of-jurisdiction cases, claiming that Brown is precluded from using the admittedly waived documents, while ignoring the controlling California and Ninth Circuit decisions which reject JLL's position. *Id.* at lines 9-15.

Memorandum of Points and Authorities in Support of Plaintiff's *Ex Parte* Application For An Order (1) Excusing Plaintiff's Late-Filed Opposition Papers And Procedural Defects In Plaintiff's Submitted Evidence To Defendant's Motion For Summary Judgment Or Summary Adjudication; (2) Striking JLL's Objections to And Motions to Strike; And (3) Sealing The Evidence To Which JLL Asserts An Attorney-Client Privilege Objection Until The Court Is Able To Rule On The Issue.

III.   **ARGUMENT**

A.   **Good Cause Exists for Plaintiff's Late-Filed Opposition and alleged Procedural and Authentication Defects including Plaintiff and his Counsel's Declaration and Attached Exhibits, Based On Excusable Neglect By Plaintiff's Counsel.**

1.   **The Late Filing of Plaintiff's Opposition.**

Although both parties stipulated to withdraw claims of untimeliness as to their mutual MSJ filings, JLL's Reply (in footnotes 1 and 2) indicates that (1) JLL objects, for no stated reason, to the re-filing of Brown's Declaration erroneously filed on April 21, 2016 with the rest of the excused late filings, and then files untimely Objections and Motions to Strike Brown's declaration for additional undisclosed issues; (2) JLL continues to provide evidentiary support to refute the moot issue as to JLL's late filing of the MSJ; and (3) JLL objects to all of the deposition testimony attached to Plaintiff's Counsel's declaration because it did not include court reporter certifications, which was promptly rectified, and as to all but one, were previously authenticated by JLL.  Had JLL conducted a meet and confer in compliance with Local Rule 7 and the Court's Order, (para. 21(d)) in connection with the parties' supporting evidence, all of JLL's Objections would have been raised and rectified in advance.  Not only should JLL not be permitted to benefit by its own misconduct, obviously, Brown will be significantly prejudiced if his declaration and all of the evidence that he intends to rely upon to defeat JLL's MSJ were stricken.

The Ninth Circuit has explained that "good cause" is "a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.,* 624 F.3d 1253, 1259 (9th Cir. 2010).   As to "excusable neglect," courts must "apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its

**14**

Memorandum of Points and Authorities in Support of Plaintiff's *Ex Parte* Application For An Order (1) Excusing Plaintiff's Late-Filed Opposition Papers And Procedural Defects In Plaintiff's Submitted Evidence To Defendant's Motion For Summary Judgment Or Summary Adjudication; (2) Striking JLL's Objections to And Motions to Strike; And (3) Sealing The Evidence To Which JLL Asserts An Attorney-Client Privilege Objection Until The Court Is Able To Rule On The Issue.

potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id.* at 1261, *citing Pioneer Inv. Servs. V. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997). The test "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395. In applying the analysis, courts "cannot create or apply any 'rigid legal rule against late filings attributable to any particular type of negligence[ ]'" by "impermissibly adopting a  per se rule in applying the *Pioneer/Briones* balancing test." *Id.* at 1261-62.

Excusable neglect only considers the prejudice to the opposing party, which in this case, is an issue for JLL. JLL voluntarily agreed to file its reply on time and waive timeliness issues. Plaintiff's counsel filed the Opposition papers less than 48 hours after she learned of the error, less than two days after the deadline, and immediately sent a link with all of the documents to JLL's Counsel and offered to file this *ex parte* stipulating to an extension of time so that neither JLL or the Court would be prejudiced by Plaintiff counsel's error.

Within hours of Plaintiff's e-filing, JLL's Counsel began emailing Plaintiff's counsel about the Opposition papers. Yet, at no time, up to and including, when JLL e-filed its Reply on Monday, April 25, 2016, did JLL's Counsel mention the e-filing error as to Brown's Declaration. Even if JLL's Counsel waited to access the Dropbox until Sunday, April 24, 2016, the folder contained Brown's declaration. Yet, it would not have made any difference because JLL's Counsel already knew of the Brown declaration filing error and intended to capitalize on it. Ironically, when Plaintiff's counsel discovered that JLL's e-filed Objections were incompletely filed, instead of hiding this fact from JLL's Counsel, Plaintiff's Counsel immediately notified them of the error and offered to stipulate to mutually waiving objections to

Memorandum of Points and Authorities in Support of Plaintiff's *Ex Parte* Application For An Order (1) Excusing Plaintiff's Late-Filed Opposition Papers And Procedural Defects In Plaintiff's Submitted Evidence To Defendant's Motion For Summary Judgment Or Summary Adjudication; (2) Striking JLL's Objections to And Motions to Strike; And (3) Sealing The Evidence To Which JLL Asserts An Attorney-Client Privilege Objection Until The Court Is Able To Rule On The Issue.

the erroneously filed documents.  JLL's Counsel ignored Plaintiff's offer, filed a

"Notice of Errata," as if to fully excuse JLL's own error, accused Plaintiff's counsel

of "mud-slinging" for her email notifying JLL of their error, and then filed untimely

set of Objections to Brown's declaration which included objecting to Brown's e-

signature that now requires a second Notice of Errata to submit Plaintiff's signature.

The declaration of Plaintiff's counsel, Teren, explains the reason for the late-

filed opposition; that she inadvertently calendared the opposition date for 14 days

from the hearing date based on a misreading of the local rules.  As soon as JLL's

Counsel informed her that the Opposition was late, she immediately stayed up for

two nights straight to promptly prepare and e-file the Opposition papers and

immediately offered to stipulate and file this ex parte for an extension of time so that

JLL and the Court would not be prejudiced by her mistake.  Plaintiff's counsel

details in her declaration that Plaintiff's failure to timely file the Opposition was not

do to any fault of her client, Brown.  The mistake was her own; it was inadvertent

and by no means the product of bad faith, deviousness or malicious intent.

Plaintiff's Counsel's inadvertent error in late-filing was not sufficiently egregious to

warrant denying Plaintiff's Opposition entirely as JLL contends.

## 2.   **Plaintiff's Counsel's Failure to include the Court Reporter Certifications.**

JLL also suffered no prejudice by Plaintiff's failure to include the court

reporter's certifications with the cited portions of the transcripts.  Notably, JLL

relies on *Orr v. Bank of America,* 285 F.3d 764, 776 (9th Cir. 2002), as support for

its objections and motion to strike all of the deposition transcripts attached to

Plaintiff's Counsel's declaration based on her failure to include the reporter's

certification (which has now been corrected).  *Orr,* however, does not support JLL's

position.  *Orr* holds that when any documents have been authenticated by another

party, the requirement of authenticity is satisfied as to that document with regard to

Memorandum of Points and Authorities in Support of Plaintiff's *Ex Parte* Application For An Order (1) Excusing
Plaintiff's Late-Filed Opposition Papers And Procedural Defects In Plaintiff's Submitted Evidence To Defendant's
Motion For Summary Judgment Or Summary Adjudication; (2) Striking JLL's Objections to And Motions to Strike;
And (3) Sealing The Evidence To Which JLL Asserts An Attorney-Client Privilege Objection Until The Court Is Able
To Rule On The Issue.

all parties on a summary judgment.  Here, all of the depositions at issue except for the deposition of Ed Lane were cited and authenticated by JLL's counsel. Therefore, *Orr* confirms that JLL's objections lack merit and, in any event, Plaintiff immediately rectified the defect upon becoming aware of JLL's objection. [2]

### 3.   JLL Was Not Prejudiced by Any Alleged Procedural or Technical Defects

"Prejudice requires greater harm than simply that relief would delay resolution of the case." *Lemoge v. U.S.,* 587 F.3d 1188, 1196 (9th Cir. 2009), citing, *TCI Group Life Ins. Plan v. Knoebb*er, 244 F.3d 691, 701 (9th Cir. 2001). ("[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment.")).

Under the circumstances, courts are resistant to "create or apply [a] rigid legal rule against late filings attributable to [Plaintiff's counsel''s'] error [by] impermissibly adopting a per se rule" that enforces Local Rule 56.1(d) under any situation regardless of application of the *Pioneer/Briones* balancing test. *See, Ahanchian, supra,* 624 F.3d at 1261-62. To rule otherwise is contrary to controlling

---

[2] Falcone's Declaration filed in support of the MSJ included the following transcripts:
1.  Plaintiff's Deposition, Volumes 1 and 2, Falcone Dec. para. 2, 3, Exhibits 1 and 2.
2. Cordero Deposition, Falcone Dec., paras. 4 and 5 (errata sheet) and Exhibit 3.
3.  Paul Kim, MD Deposition, Falcone Dec., para. 6, Exhibit 5.
4. Albert Simpkins, MD Deposition, Falcone Dec., para. 7, Exhibit 6.
5. Laura McCorry Deposition, para. 13, Exhibit 11.
6.  William Quiroz Deposition, Falcone Dec., para. 14, Exhibit 12.
7. Williams Deposition, Falcone Dec., para. 15, Exhibit 13.

The first six deposition transcripts were attached to Plaintiff's Counsel's declaration. In addition, to the extent JLL challenges the authentication of documents JLL produced, it is similarly defective.  Documents produced by a party in discovery deemed authentic when offered by the opposing party. *See Maljack Prods., Inc. v. GoodTimes Home Video Corp.* 81 F3d 881, 889, fn. 12 (9th Cir. 1996).  Moreover, other Courts in the Central District have overruled similar objections based on technicalities such as submitting electronic signatures of the plaintiff which was promptly corrected as is the case here.  *See, QBAS Co v. C Walters Intercostal Corp.*, 2010 U.S. Dist. LEXIS 143945 (C.D. Cal. 2010).

Memorandum of Points and Authorities in Support of Plaintiff's *Ex Parte* Application For An Order (1) Excusing Plaintiff's Late-Filed Opposition Papers And Procedural Defects In Plaintiff's Submitted Evidence To Defendant's Motion For Summary Judgment Or Summary Adjudication; (2) Striking JLL's Objections to And Motions to Strike; And (3) Sealing The Evidence To Which JLL Asserts An Attorney-Client Privilege Objection Until The Court Is Able To Rule On The Issue.

Ninth Circuit authority. Notwithstanding these deficiencies, the Ninth Circuit has made clear that a District Court may not grant "summary judgment simply because a party fails to file an opposition or violates a local rule" and must "analyze the record to determine whether any disputed material fact [is] present." *Ahanchian, supra,* 624 F.3d at 1258; *see also Martinez v. Stanford,* 323 F.3d 1178, 1182 (9th Cir. 2003) ("a nonmoving party's failure to comply with local rules does not excuse the moving party's affirmative duty under Rule 56 to demonstrate it is entitled to judgment as a matter of law.")

Balancing the four factors discussed above to this case, Plaintiff's counsel has shown that she inadvertently and in good faith missed the filing deadline for the Opposition, filed and relied upon JLL 133 which she did not believe, and still does not believe is privileged, mistakenly e-filed her own declaration in place of Plaintiff's, and failed to include the court reporter's certification with cited deposition transcript.  None of these errors were her client's fault.  The errors did not delay the proceedings.  Plaintiff diligently worked to correct and minimize the impact of her errors, including by working 50+ hours straight on less than three hours of sleep.  Plaintiff's counsel offered to stipulate to providing JLL additional time to prepare its Reply brief, which offer JLL declined.  There is no evidence that Plaintiff's counsel acted in bad faith in regards to the errors.

Weighing the equities, Plaintiff, by and through counsel, respectfully requests that the Court find good cause for Plaintiff's late-filed Opposition, including, the procedural and authentication objections JLL raises, as to Plaintiff's declaration, Eric Brown's declaration, the court reporter certifications for each deposition relied upon, and filing and reliance on JLL 133, based on excusable neglect by Plaintiff's counsel.

Memorandum of Points and Authorities in Support of Plaintiff's *Ex Parte* Application For An Order (1) Excusing Plaintiff's Late-Filed Opposition Papers And Procedural Defects In Plaintiff's Submitted Evidence To Defendant's Motion For Summary Judgment Or Summary Adjudication; (2) Striking JLL's Objections to And Motions to Strike; And (3) Sealing The Evidence To Which JLL Asserts An Attorney-Client Privilege Objection Until The Court Is Able To Rule On The Issue.

### B.   Plaintiff Moves To Strike JLL's Objections And Any New Matters Raised In JLL's Reply Papers.

JLL objects to Plaintiff's citation to JLL 133 on the ground that JLL 133 allegedly contains information that is privileged.  Per JLL, "Brown is not permitted to use this information and has not moved the Court for relief from the privilege claim" based on FRCP 26(5)(B).   JLL's Plaintiff's citation to JLL 133 on the ground that JLL 133 allegedly contains information that is privileged.  Per JLL, "Brown is not permitted to use this information and has not moved the Court for relief from the privilege claim" based on FRCP 26(5)(B).   JLL's argument and motion should be rejected. "A District Court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).  While JLL will likely contend that the alleged Rule 26(b)(5)(B) violations were unforeseen at the time that JLL filed its moving papers, and only raised in direct response to Plaintiff's Opposition, since JLL failed to comply with its meet and confer obligations that required counsel to discuss supporting evidence, JLL's argument lacks merit as the issues with JLL 133 would have arisen in a proper meet and confer.

In any event, Plaintiff moves to strike JLL's alleged Rule 26(b)(5)(B) violations because whether or not Plaintiff violated Rule 26 is outside the scope of this Motion.  Further, and in any event, JLL's contention that Plaintiff's reliance on the one purported attorney-client privileged document at issue does not support rejection of Plaintiff's Opposition.

### 1.   It was not Plaintiff's Burden to File a Motion For Relief From JLL's Unsupported Claim of Privilege and Inadvertent Production.

JLL claims that as soon as it mailed notification that it asserted an attorney-client privilege objection to JLL 133 – which it mailed on the last possible day before the discovery cut off -- March 23, 2016 – after admittedly already waiving

Memorandum of Points and Authorities in Support of Plaintiff's *Ex Parte* Application For An Order (1) Excusing Plaintiff's Late-Filed Opposition Papers And Procedural Defects In Plaintiff's Submitted Evidence To Defendant's Motion For Summary Judgment Or Summary Adjudication; (2) Striking JLL's Objections to And Motions to Strike; And (3) Sealing The Evidence To Which JLL Asserts An Attorney-Client Privilege Objection Until The Court Is Able To Rule On The Issue.

1 │ the privilege for the last four months, Plaintiff was burdened with filing a motion

2 │ and obtaining a Court Order, before he could cite the document as evidence to

3 │ oppose JLL's MSJ.  As detailed in Plaintiff's Counsel's April 27, 2016, letter, JLL

4 │ is simply wrong.

5 │      The burden to seek relief from any purported attorney-client privilege waiver

6 │ lies with JLL.  Rule 26(b)(5)(B) is nothing more than a procedural rule.  Ninth

7 │ Circuit and California Federal Courts do not shift the burden to seek relief from

8 │ claimed inadvertent waiver to the party contesting the privilege, let alone, bar them

9 │ from relying on the waived evidence.  As detailed in Plaintiff's Counsel's

10 │ declaration, JLL -- not Plaintiff – is required first to prove that the attorney-client

11 │ privilege applies to JLL 133, a burden JLL has not and can not satisfy.

12 │      Even if JLL could establish that the email in JLL 133 was privileged, JLL has

13 │ not and cannot meet the three conditions under Federal Rule of Evidence 502(b) to

14 │ be relieved from waiver: (1) the disclosure was inadvertent; (2) the holder of the

15 │ privilege or protection took reasonable steps to prevent disclosure; and (3) the

16 │ holder promptly took reasonable steps to rectify the error.  *See, Callan v. Christian*

17 │ *Audigier, Inc.*, 263 F.R.D. 564, 565-66 (C.D. Cal. 2009).  Moreover, merely

18 │ demanding that Plaintiff remove and replace claimed privileged documents pursuant

19 │ to FRCP 26(b)(5)(B) on March 23, 2016 is insufficient in and of itself to constitute

20 │ "reasonable steps to rectify the error."

21 │      If the Court intends to consider JLL's Objections and Motions to Strike

22 │ virtually every paragraph of Plaintiff and his counsel's declarations, and attached

23 │ evidence, Plaintiff must be afforded a reasonable opportunity to respond and

24 │ respectfully requests that he is permitted to be heard on any new matters raised in

25 │

26 │

27 │ **20**

28 │

Memorandum of Points and Authorities in Support of Plaintiff's *Ex Parte* Application For An Order (1) Excusing Plaintiff's Late-Filed Opposition Papers And Procedural Defects In Plaintiff's Submitted Evidence To Defendant's Motion For Summary Judgment Or Summary Adjudication; (2) Striking JLL's Objections to And Motions to Strike; And (3) Sealing The Evidence To Which JLL Asserts An Attorney-Client Privilege Objection Until The Court Is Able To Rule On The Issue

JLL's Reply.[3]  *See*, *Springs Industries, Inc. v. American Motorists Ins. Co.* 137 FRD 238, 240 (ND TX 1991); *Gebretsadike v. Travelers Home & Marine Ins. Co.*, 103

---

[3] For example, JLL argues that Plaintiff's race harassment and discrimination claims fail because Plaintiff did not personally hear Cordero call him a "Nigger" within one year of filing his EEOC charges on July 1, 2014 and Cordero calling Plaintiff a "Nigger" was merely a stray remark that is hearsay or double-hearsay.  JLL is incorrect on all counts.  Cordero's use of the term "Nigger" is not being used for the truth of the matter asserted but is evidence of Cordero's racial animus towards Plaintiff and provides a sufficient basis on which a jury could find that Cordero's timely acts, including, but not limited to, telling Plaintiff he could only return to work if he was 100%, assigning Plaintiff physical duties inconsistent with the ACE position, denying Plaintiff use of the office restroom, and similar hostile behavior were substantially motivated by Plaintiff's race.  *See Cordova v. State Farm Ins. Co.* (9th Cir. 1997) 124 F.3d 1145 (Finding supervisor's racial slur uttered once, after the employment decision and about someone other than plaintiff was not a stray remark and was sufficient evidence to establish racial bias against plaintiff: "Calling someone a "dumb Mexican" is an egregious and bigoted insult, one that constitutes strong evidence of discriminatory animus on the basis of national origin.")

Moreover, JLL argues that Plaintiff's race harassment claim fails because although Cordero called Plaintiff a "Nigger" on multiple occasions, and treated Plaintiff adversely and against company policy within the statutory period, Plaintiff last heard Cordero use the "Nigger" term more than one year before he filed EEOC charges.  Not so.  *Singleton v. U.S. Gypsum Co.*, 140 Cal.App.4th 1547, 1561(2006) (finding sexual harassment despite unrelated evidence that harasser was motivated by anger, not sex "What took place between Ross, Umi and Singleton was not "male-on-male horseplay" *citing, Oncale v. Sundowner Offshore Services, Inc.,* 523 U.S. 75, 81 (1998), but the acting out, on the part of Russ and Umi, of their anger and rage at Singleton. In this connection, we note that there is no requirement that the motive behind the sexual harassment must be sexual in nature. "[H]arassing conduct need not be motivated by sexual desire to support an inference of discrimination on the basis of sex." (*Id.* at 80, *accord, Mogilefsky v. Superior Court*, 20 Cal.App.4th 1409, 1418 (1993).  *See also.  Birchstein v. New United Moto Mfg., Inc.* 92 Cal.App.4th 994 (2001) (angry staring constituted "sexual harassment" sufficient to demonstrate continuing violation where it arose from harasser's harassing conduct);  *Accardi v. Superior Court* 17 Cal.App.4th 341, 350 (1993)(decade long of hostile, but not overtly sexual conduct sufficient to demonstrate continuing sexual harassment where hostile conduct arose out of gender based hostile treatment of plaintiff); *Richards v. CH2M Hill, Inc.* 26 Cal.4th 798, 823-824 (2001) ("[W]hen an employer engages in a continuing course of unlawful conduct under the FEHA by refusing reasonable accommodation of a disabled employee or engaging in disability harassment, and this course of conduct does not constitute a constructive discharge, the statute of limitations begins to run not necessarily when  the employee first believes that his or her rights have been violated, but rather either when the course of conduct is brought to an end, as by the employer's cessation of such conduct or by the employee's resignation, or when the employee is on notice that further efforts to end the unlawful conduct will be in vain.")

F.Supp.3d 78, 86 (D. D.C. 2015).  Plaintiff also requests that the Court consider all of the evidence submitted from both parties in ruling on JLL's MSJ. Plaintiff Requests That The Court Seal JLL 133 And Discussions Of The Contents Of JLL 133 In Plaintiff's Opposition Until The Court Is Able To Rule On The Privilege Issue.

Although Plaintiff disagrees that the contents of JLL 133 are protected by the attorney-client privilege and avers that even if a privilege attached, JLL waived the privilege, Plaintiff did not intend to disclose information in his papers which was the subject of a pending privilege objection.  To that end, given that JLL has asserted a privilege objection to the email in JLL 133, Plaintiff requests that the Court seal the portions of Plaintiff's Opposition, which refer to the allegedly privileged material, which are: (1) Exhibit "D" to Teren's Declaration, (page 51 of the Exhibits attached to Teren's Declaration) (Docket #34); (2) Pages 4, 5, 13, 15, 20, 22 and 23 of Plaintiff's Memorandum of Points ande Authorities in Support of Plaintiff's Opposition to MSJ (Docket #33); and (3) Pages 100-101, 146-151 of Plaintiff's Response to JLL's Statement of Purportedly Uncontroverted Facts (Docket #35).

## IV.   **CONCLUSION**

For the reasons stated above, this Court should grant Plaintiff's *ex parte* application.

DATED:  April 29, 2016                    TEREN LAW, P.C.

_____

PAMELA MCKIBBIN TEREN
Attorneys for PLAINTIFF Eric Brown

---

To the extent that JLL relies on *Rope v. Auto-Chlor System of Washington Inc.,* 220 Cal.App.4[th] 635 (2013) to dismiss Plaintiff's retaliation claims that Plaintiff's request for accommodation was not protected activity, its holding was directly overruled by Gov't Code Section 12940(m)(2).

Memorandum of Points and Authorities in Support of Plaintiff's *Ex Parte* Application For An Order (1) Excusing Plaintiff's Late-Filed Opposition Papers And Procedural Defects In Plaintiff's Submitted Evidence To Defendant's Motion For Summary Judgment Or Summary Adjudication; (2) Striking JLL's Objections to And Motions to Strike; And (3) Sealing The Evidence To Which JLL Asserts An Attorney-Client Privilege Objection Until The Court Is Able To Rule On The Issue.