ELIZABETH A. FALCONE, CA Bar No. 219084
elizabeth.falcone@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500
Portland, OR 97201
Telephone: 503.552.2140
Facsimile: 503.224.4518

DAVID Z. FEINGOLD, CA Bar No. 280194
david.feingold@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213.239.9800
Facsimile: 213.239.9045

Attorneys for Defendant
JONES LANG LASALLE AMERICAS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIC BROWN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JONES LANG LASALLE AMERICAS, INC.; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 2:15-cv-03883 SJO (FFMx)<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER (1) EXCUSING PLAINTIFF'S LATE-FILED OPPOSITION PAPERS AND PROCEDURAL DEFECTS IN PLAINTIFF'S SUBMITTED EVIDENCE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR SUMMARY ADJUDICATION; (2) STRIKING JLL'S OBJECTIONS TO AND MOTIONS TO STRIKE; AND (3) SEALING THE EVIDENCE TO WHICH JLL ASSERTS AN ATTORNEY-CLIENT PRIVILEGE OBJECTION UNTIL THE COURT IS ABLE TO RULE ON THE ISSUE**<br><br>[Filed concurrently with the Declaration of David Z. Feingold]<br><br>Complaint Filed: April 7, 2015<br>Trial Date: June 28, 2016<br>District Judge: Hon. S. James Otero<br>Magistrate Judge: Hon. Frederick F. Mumm |

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................ 1

II. FACTUAL BACKGROUND ............................................................................. 2

    A. Background Concerning the MSJ Filing ........................................ 2

    B. The Parties Agreed to Waive Arguments Regarding Timeliness of Their Respective Summary Judgment Briefs. .................................................................................................. 4

    C. Plaintiff's Summary Judgment Opposition Relied on Attorney-Client Privileged Information. ........................................ 5

III. ARGUMENT ...................................................................................................... 6

    A. The Court Should Strike Plaintiff's *Ex Parte* Application, Which Is an Unauthorized Sur-Reply, and Sanction Plaintiff for Filing it. ................................................................................ 6

        1. The *Ex Parte* Application Should Be Struck. ..................... 6

        2. The Court Should Sanction Plaintiff. .................................. 7

    B. Plaintiff's *Ex Parte* Application Lacks Substantive Merit ............ 7

        1. JLL did not ask to strike Plaintiff's entire Opposition on timeliness grounds ....................................... 7

        2. Responses to JLL's evidentiary arguments regarding the summary judgment motion are not an appropriate use of an ex parte application. ......................... 8

        3. Plaintiff wrongly relied on privileged information. ............. 9

IV. CONCLUSION ................................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Foster v. C.D.C.R.*,
  No. CV 15-6543-DMG (KK), 2015 U.S. Dist. LEXIS 174673
  (C.D. Cal. Dec. 28, 2015) ................................................................................. 7

*Gebretsadike v. Travelers Home & Marine Ins. Co.*,
  103 F. Supp. 3d 78 (D.D.C. 2015) .................................................................... 9

*Lal v. Felker*,
  No. 2:07-cv-2060-KJM-EFB P, 2015 U.S. Dist. LEXIS 44306
  (E.D. Cal. Apr. 3, 2015) ................................................................................... 8

*Lucas v. County of Los Angeles*,
  No. CV 11-97 DMG (FFM), 2013 U.S. Dist. LEXIS 92492
  (C.D. Cal. Mar. 26, 2013) ................................................................................. 7

*Orr v. Bank of Amer., NT & SA*,
  285 F.3d 764 (9th Cir. 2002) ............................................................................ 8

*Qualls v. Regents, Univ. of Cal.*,
  No. 1:13-CV-000649-LJO-SMS, 2015 U.S. Dist. LEXIS 97032
  (E.D. Cal. Jul. 24, 2015) .................................................................................. 8

*SEC v. Braslau*,
  No. 2:14-cv-01290-ODW-AJW, 2016 U.S. Dist. LEXIS 58191
  (C.D. Cal. May 2, 2016) .................................................................................. 6

*Springs Industries, Inc. v. American Motorists Ins. Co.*,
  137 F.R.D. 238 (N.D. Tex. 1991) ..................................................................... 9

*United States v. Boyce*,
  38 F. Supp. 3d 1135 (C.D. Cal. May 3, 2013) ................................................. 6

*Zamani v. Carnes*,
  491 F.3d 990 (9th Cir. 2007) ............................................................................ 9

**Other Authorities**

Fed. R. Civ. P. 26(b)(5)(B) .................................................................................. 10

L.R. 7-10 ................................................................................................................ 6

L.R. 7-13 ................................................................................................................ 7

24765051_1.docx

ii                    Case No. 2:15-cv-03883 SJO (FFMx)
DEFENDANT'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION

## I. INTRODUCTION

Plaintiff Eric Brown's *ex parte* application is actually a sur-reply to Defendant Jones Lang LaSalle Americas, Inc.'s ("JLL") reply in support of its Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment ("MSJ"), and should be denied. Plaintiff never obtained leave from the Court to file a sur-reply.

Should the Court wish to entertain Plaintiff's application, then it should be denied because:

1. JLL told Plaintiff that it would not object to the untimely April 21 filing of Plaintiff's opposition to JLL's MSJ. JLL agreed to do so despite the fact that Plaintiff's counsel's neglect to timely file is not, as a matter of law, excusable neglect as she so claimed. Failure to properly calendar deadlines does not constitute excusable neglect. JLL did not, however, agree to waive objections to Plaintiff's declaration, including the failure to actually file that declaration in support of the already-late Opposition until April 26.

2. Plaintiff's demand that the Court "strike" JLL's evidentiary objections and motion to strike are substantive responses to JLL's evidentiary objections, not appropriate for *ex parte* relief. Contrary to Plaintiff's contention, none of JLL's arguments in its summary judgment reply or the papers in support thereof raised new matters; as such, Plaintiff has no basis for requesting that the pleadings be stricken or the opportunity to further respond.

3. Plaintiff violated Federal Rule of Civil Procedure ("FRCP") 26(b)(5)(B), by relying on privileged evidence. JLL notified him of its inadvertent production and that it claimed privilege, yet Plaintiff still relied on that information in his opposition to the MSJ. JLL has no objection to that request. However, sealing the evidence does not, standing alone, satisfy Rule 26(b)(5)(B). Plaintiff still must take the appropriate step of withdrawing the arguments he makes that rely on that evidence. Rule 26(b)(5)(B) could not be clearer: Plaintiff "must" not rely on that evidence until there has been a determination of the privilege issues raised by JLL.

Plaintiff did not bring a motion challenging the privilege *before* filing the evidence in question, as required, and his failure to do so cannot be cured by an after-the-fact *ex parte* application.

Given Plaintiff's filing violated Local Rule 7-13, JLL respectfully requests the Court impose monetary sanctions in the amount of $4,465 for JLL's attorneys' fees and costs in preparing this opposition.

## II. FACTUAL BACKGROUND

### A. Background Concerning the MSJ Filing

After this case was removed from the Los Angeles Superior Court, the parties prepared a Joint Report pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Initial Standing Order. (Docket #13). Among the issues discussed in the Joint Report was a briefing schedule for summary judgment. (*Id.*). The parties agreed upon the following schedule:

- Summary judgment filing deadline – March 26, 2016
- Summary judgment opposition deadline – May 13, 2016
- Summary judgment reply deadline – May 23, 2016
- Summary judgment hearing – June 6, 2016

(*Id.*). On July 6, 2015, the Court issued its Scheduling Order for this case. (Docket #14). The Court elected not to adopt the parties' summary judgment briefing schedule, or any other deadlines or dates agreed upon and proposed by the parties (*e.g.*, the parties' proposed MSJ hearing date, Final Status Conference date, or trial date). (*See* Docket #13, 14).

On February 25, 2016, counsel conferred regarding the timing of JLL's anticipated MSJ. (*See* Docket #29, ¶ 8). JLL informed Plaintiff that it was unclear when the MSJ might be due, given the Court did not adopt the parties' proposed briefing schedule. (*Id.*). Of particular concern to JLL was its ability to depose one of Plaintiff's coworkers, who Plaintiff testified informed him of numerous harassing comments made about Plaintiff (the "Coworker Witness"), before JLL filed its MSJ.

1  (*Id.*). Given the motion hearing cutoff date of May 9, 2016, JLL determined that the
2  last date to timely file the motion for summary judgment would be April 11.  JLL's
3  counsel asked if Plaintiff would agree to a briefing schedule that commenced with
4  moving papers filed on April 11, 2016, or if he proposed a different timeline for the
5  parties' respective filings.  (*Id.*, Ex. 7).  Plaintiff's counsel did not respond in
6  February, nor did she propose an alternative briefing schedule.  (*Id.* ¶ 8).
7  Additionally, she was silent on the originally proposed March 26th date and certainly
8  did not insist upon it. (*Id.*).  The parties agreed to defer the issue until they could
9  determine the Coworker Witness' availability for deposition. (*Id.*).

10  For the next two weeks, JLL worked on trying to schedule the Coworker
11  Witness' deposition, as well as conducting and scheduling other depositions in the
12  case.  (*See* Docket #31-1).   Faced with the Coworker Witness' continued
13  unavailability for deposition, on March 10, 2016, JLL filed an *ex parte* application
14  seeking modification of the Court's Scheduling Order to continue, *inter alia*, the
15  motion cutoff date.  (Docket #17).  Although the Court did not adopt any of the
16  parties' proposed summary judgment briefing schedule, in an abundance of caution,
17  JLL asked the Court to continue its deadline to file its anticipated MSJ.  (*Id.*).  On
18  March 16, 2016, the Court denied JLL's *ex parte* without explanation.  (Docket #21).

19  On March 18, 2016, JLL contacted Plaintiff's counsel to confer about the MSJ
20  briefing schedule and the need to take the Coworker's Deposition.  (Docket #29, ¶ 9,
21  Ex. 8).  Plaintiff's counsel did not respond.  (*Id.*).  JLL spoke with her again on
22  March 21, 2016, after the end of Plaintiff's continued deposition (continued because
23  Plaintiff failed to timely produce documents, *inter alia,* concerning his application
24  for social security disability benefits).  (*Id.*, ¶ 9, Ex. 9).  Plaintiff's counsel rejected
25  JLL's proposal, maintaining it was unworkable because of her trial schedule, and
26  took the position, for the first time, that JLL's MSJ was due on March 26, 2016, just
27  five days later.  (*Id.*, ¶ 10).  JLL advised her that March 26th would not be feasible,
28  given that various depositions were occurring the week of March 21 and JLL needed

time for the transcripts to be finalized. (Declaration of David Z. Feingold ["Feingold Decl."], Ex. A). The following day, the parties met and conferred yet again about the MSJ briefing schedule. (Docket #29, ¶ 11). Plaintiff rejected each of JLL's proposals, including one that would have afforded Plaintiff additional time to file his opposition and shortened JLL's time to file its reply. (*Id*.). Plaintiff insisted the only option was for JLL to file its MSJ by March 26, 2016, which would be, now, four days away. (*Id*.). JLL disagreed with Plaintiff's counsel's position but advised her that it would file its MSJ as quickly as it could in order to accommodate Plaintiff's counsel's trial schedule and give Plaintiff as much time as possible to prepare his opposition. (*Id*., ¶ 11). In the midst of doing so, JLL contacted Plaintiff on April 3, 2016, asking to substantively confer regarding the bases for the MSJ. (*Id*., ¶ 12). Plaintiff's counsel declined to confer at that time. Based on Plaintiff's counsel's limited availability, the parties did not confer until April 6, 2016, the same day JLL filed its MSJ (five days before the April 11 deadline. (*Id*.).

**B.  The Parties Agreed to Waive Arguments Regarding Timeliness of Their Respective Summary Judgment Briefs.**

Plaintiff's MSJ opposition was due on April 18, 2016. JLL did not receive it. So, on April 19, 2016, JLL's counsel contacted Plaintiff's counsel to inquire whether Plaintiff intended to file an opposition. (Feingold Decl., Ex. B). Plaintiff indicated he planned to do so, and filed his opposition two days later, on April 21, 2016. (*Id*.; *see* Docket #33). The same day, Plaintiff contacted JLL regarding his intention to apply, *inter alia*, for *ex parte* relief from his untimely opposition. (Feingold Decl., Ex. C). JLL responded, indicating it would consent to Plaintiff's late filing, provided Plaintiff agree to waive his repeated claim that JLL's MSJ was due on March 26. (*Id*.). If this were not clear to Plaintiff from the conferral correspondence, JLL's reply brief on MSJ made it explicit:

> Brown claims JLL's motion was untimely. That is not so, for reasons stated in both declarations of Elizabeth A. Falcone in support of JLL's motion. In any case, after filing his own untimely opposition, Brown

> agreed to withdraw the timeliness argument if JLL also waived any timeliness issue . . . It agreed, and ***both parties have waived their arguments of untimeliness.***

(Docket #41, fn. 1 [emphasis added]).  Accordingly, Plaintiff knew before filing this application that the timeliness issue was moot.

### C. Plaintiff's Summary Judgment Opposition Relied on Attorney-Client Privileged Information.

During JLL's review of Plaintiff's summary judgment opposition, it discovered that Plaintiff relied on an attorney-client communication.  (*See* Docket #33, 34, 35).  By way of background, on March 23, 2016, JLL sent Plaintiff's counsel a letter enclosing discovery responses and documents that inadvertently contained communication from JLL's in-house counsel about strategy for this law suit.  (Feingold Decl., Ex. D). Consistent with Rule 26(b)(5)(B), JLL's counsel immediately advised Plaintiff's counsel of this error:

> In reviewing the original notes file for The Hartford, we found certain privileged communications inadvertently were produced.  We ask that you dispose of the original notes file, which is Bates stamped "JLL000132" through "JLL000144," and insert the enclosed placeholder pages that state "OMITTED FROM PRODUCTION." You will find a replacement notes file at "JLL000751" through "JLL000764."  We will provide a privilege log noting the further redactions under separate cover. (*Id*.).

Notwithstanding JLL's letter, sent nearly one month before Plaintiff filed his summary judgment opposition, Plaintiff relied on one of the inadvertently-disclosed privileged communications.  (*See* Docket #33, 34, 35).  JLL immediately contacted Plaintiff's counsel and requested that the opposition be withdrawn; it later clarified that its request to withdraw the opposition applied only to those portions of the opposition that relied on the privileged document and information drawn from that document. (Feingold Decl., Exs. E, F, G).  Plaintiff has refused to do so.  (*Id*. ¶ 6).

///

///

///

## III. ARGUMENT

### A. The Court Should Strike Plaintiff's *Ex Parte* Application, Which Is an Unauthorized Sur-Reply, and Sanction Plaintiff for Filing it.

#### 1. The *Ex Parte* Application Should Be Struck.

The Court should strike Plaintiff's *ex parte* application because the majority of it is an unauthorized sur-reply to JLL's summary judgment reply. "Absent prior written order of the Court, the opposing party ***shall not file a response to the reply***." L.R. 7-10 (emphasis added). Here, Plaintiff did not obtain leave from the Court to file the *ex parte* application, which responds to JLL's reply. For example, Plaintiff makes the following arguments which are direct responses to evidentiary issues raised in JLL's reply and supporting papers: (1) the Court should excuse Plaintiff's untimely and improperly-signed declaration in support of his summary judgment opposition (*i.e.*, overrule JLL's objections to and motion to strike Plaintiff's declaration on those grounds); (2) the Court should excuse Plaintiff's unauthenticated evidence attached to Plaintiff's counsel's declaration in support of Plaintiff's summary judgment opposition (*i.e.*, overrule JLL's motion to strike Plaintiff's counsel's declaration on those grounds); and (3) the Court should strike JLL's motion to strike those portions of Plaintiff's opposition and supporting papers that rely on an inadvertently-produced privileged communication. (*See generally*, Docket #50-1). Further, in footnote 3 of Plaintiff's *ex parte* application, he *directly addresses* arguments JLL made in its summary judgment reply, disputing whether the allegations regarding use of a racial slur in this case is sufficient to rise to the level of "severe" or "pervasive" harassment and citing legal authority on that point. (*Id*. at 21, fn. 3). This is completely improper.

Because Plaintiff failed to obtain leave from the Court before filing what is, in essence, a sur-reply, the *ex parte* application should be denied and not considered on summary judgment. L.R. 7-10; *see SEC v. Braslau*, No. 2:14-cv-01290-ODW-AJW, 2016 U.S. Dist. LEXIS 58191, at *3, fn. 2 (C.D. Cal. May 2, 2016); *United States v.*

*Boyce*, 38 F. Supp. 3d 1135, 1144, fn. 45 (C.D. Cal. May 3, 2013); *Lucas v. County of Los Angeles*, No. CV 11-97 DMG (FFM), 2013 U.S. Dist. LEXIS 92492, at *3, fn. 1 (C.D. Cal. Mar. 26, 2013) ("Plaintiff did not obtain leave from the Court prior to filing the surreply; accordingly, the Court need not consider it") (citing L.R. 7-10).

### 2. The Court Should Sanction Plaintiff.

"A party filing *any document* in support of, or in opposition to, any motion noticed for hearing . . . after the time for filing the same shall have expired, also shall be subject to the sanctions of L.R. 83-7 and the F. R. Civ. P." L.R. 7-13. As set forth above, although titled an "*ex parte* application," Plaintiff's filing actually is a sur-reply to JLL's summary judgment reply, which his counsel filed in direct contravention of Local Rule 7-13. JLL respectfully requests the Court impose monetary sanctions in the amount of $4,465, which represents JLL's attorneys' fees and costs in opposing this unauthorized filing. (*See* Feingold Decl., ¶ 6).

### B. Plaintiff's *Ex Parte* Application Lacks Substantive Merit

#### 1. JLL did not ask to strike Plaintiff's entire Opposition on timeliness grounds.

Although argued at length in Plaintiff's *ex parte* application, JLL has never asked the Court to strike Plaintiff's entire summary judgment opposition. On the contrary, as noted earlier, JLL's reply acknowledged the parties' agreement to waive arguments concerning the timeliness of JLL's MSJ and Plaintiff's Opposition briefing. Therefore, Plaintiff's argument is moot and this application is a waste of the Court's and JLL's resources.[1]

---

[1] Even if JLL was asking the Court to strike Plaintiff's untimely opposition, Plaintiff's "excusable neglect" argument fails. Failure to abide by the Local Rules does not constitute "excusable neglect." *See Foster v. C.D.C.R.*, No. CV 15-6543-DMG (KK), 2015 U.S. Dist. LEXIS 174673, at *7 (C.D. Cal. Dec. 28, 2015) ("'Ignorance of court rules does not constitute excusable neglect, even if the litigant appears pro se.'") (quoting *Swimmer v. IRS*, 811 F.2d 1343, 1345 (9th Cir. 1987); *Davis v. Johnson*, No. CV F 03-5935 LJO SMS, 2007 U.S. Dist. LEXIS 48354, at *5-6 (E.D. Cal. June 26, 2007) (noting "a counsel's 'inattention or carelessness, such as a failure to consult or abide by an unambiguous court or procedural rule, normally does not constitute 'excusable neglect,'" and, "'inadvertence, ignorance of the rules, or mistakes concerning construing the rules do not usually constitute 'excusable

### 2. Responses to JLL's evidentiary arguments regarding the summary judgment motion are not an appropriate use of an *ex parte* application.

Plaintiff's decision to argue evidentiary objections via an *ex parte* application is improper, and JLL urges the Court to take those issues up on their merits without regard to this improper filing. Each of the objections JLL raised is appropriate. Nothing in those objections required the extreme response of seeking *ex parte* relief. For example, the Court can make its determinations about authenticity under *Orr v. Bank of Amer., NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002), without Plaintiff's unauthorized filing. Likewise, the Court can exercise its discretion under Local Rule 7-12, to "decline to consider any memorandum or other document not filed within the deadline set by order or local rule" without Plaintiff's counsel bringing an *ex parte* application. In short, Plaintiff has no basis for seeking, on an *ex parte* basis, an opportunity to respond to JLL's objections and motions to strike the declarations of Plaintiff and his counsel, and evidence attached thereto.

Plaintiff argues there are new matters raised on reply. If that were true, the appropriate procedural step is to file a motion for leave to file a sur-reply, not to bring this application which necessitated a response by JLL. However, there were no new matters raised on reply. Instead, JLL addressed procedural and evidentiary issues with Plaintiff's and his counsel's declaration, and the evidence they offered in support of Plaintiff's summary judgment opposition. No sur-reply is warranted.

The authority on which Plaintiff relies for his requested sur-reply is inapposite.

---

neglect.'") (*quoting Dimmitt v. Ockenfels*, 407 F.3d 21, 24 (1st Cir. 2005)). Similarly, a late filing resulting from counsel's busy schedule or failure to calendar deadlines is not "excusable neglect." *See, e.g.*, *Lal v. Felker*, No. 2:07-cv-2060-KJM-EFB P, 2015 U.S. Dist. LEXIS 44306, at *17-18 (E.D. Cal. Apr. 3, 2015) (noting failure to calendar a deadline is not excusable neglect because, "if an attorney's inadvertent failure to calendar the deadline 'constitutes "good cause," the good cause exception would swallow the rule.'") (citing *Wei v. State of Hawaii*, 763 F.2d 370, 371 (9th Cir. 1985)); *Qualls v. Regents, Univ. of Cal.*, No. 1:13-CV-000649-LJO-SMS, 2015 U.S. Dist. LEXIS 97032, at *4-5 (E.D. Cal. Jul. 24, 2015) (noting "'[a] solo practitioner's "busy practice" and preparation of other cases does not establish excusable neglect . . . .'") (quoting *Hill v. England*, No. CV F 03-6903 LJO TAG, 2007 U.S. Dist. LEXIS 81618, at *6-7 (E.D. Cal. Oct. 23, 2007).

In *Springs Industries, Inc. v. American Motorists Ins. Co.*, 137 F.R.D. 238, 240 (N.D. Tex. 1991), the Court addressed, in dicta, a situation where "a movant finds it necessary to add a new evidentiary support for relief it requests." *Id*. In that situation, the district court indicated it might be appropriate for the parties to "agree to the filing of the reply brief and new supporting materials, as well as to submission of a further response and a final reply brief." *Id*. Thus, the *Springs Industries* court assumed the use of "new evidentiary support" justifying a sur-reply. Here, there is no new evidentiary support for Plaintiff's opposition to summary judgment that would justify additional briefing. Likewise, in *Gebretsadike v. Travelers Home & Marine Ins. Co.*, 103 F. Supp. 3d 78, 86 (D.D.C. 2015), the district court observed that a sur-reply only is warranted where the party seeking to file it: (1) "request[s] the Court's permission to do so," and (2) "show[s] that the reply filed by the moving party raised new arguments that were not included in the original motion." *Id*. (citing *Stanford v. Potomac Elec. Power. Co.*, 394 F. Supp. 2d 81, 86 (D.D.C. 2005) (internal quotations omitted); *Longwood Vill. Rest., Ltd. v. Ashcroft*, 157 F. Supp. 2d 61, 68 (D.D.C. 2001)). In this case Plaintiff does not meet either of the criteria set forth in *Gebretsadike*. Plaintiff did not ask for permission to file a sur-reply. Further, JLL did not make new arguments as to why summary judgment should be granted in its reply. The request for the opportunity to respond to JLL's objections and motions to strike should be denied.

### 3. <u>Plaintiff wrongly relied on privileged information.</u>

Plaintiff's citation to and reliance on privileged communication in his summary judgment opposition was in direct violation of Rule 26(b)(5)(B).[2] Rule 26(b)(5)(B) states:

---

[2] Plaintiff's contention that JLL's motion to strike the privileged evidence was a new argument raised on reply is illogical, and his reliance on *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) is misplaced. In *Zamani,* the defendants first attempted to raise on reply an issue that existed since the outset of the case. *Id*. Here, there was no privilege issue to address *until* Plaintiff filed his Opposition in which he relied on the inadvertently-produced privileged information. Clearly, Plaintiff created this issue. JLL had a right to address it on reply.

> If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. ***After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; [and] must take reasonable steps to retrieve the information if the party disclosed it before being notified*** . . . . (Emphasis added).

Rule 26(b)(5)(B) prohibits Plaintiff from introducing information for which there was a claim of privilege. On March 23, 2016, JLL notified Plaintiff of the inadvertent production, yet Plaintiff failed to "return, sequester, or destroy the specified information and any copies." He and his counsel had an unequivocal obligation ***not*** to use or disclose the privileged information until the Court ruled on the privilege's applicability. JLL did not even know Plaintiff was challenging the privilege designation until the Opposition was filed, which put the obligation to bring a motion to resolve the privilege issue squarely on Plaintiff. Plaintiff's request that the Court strike JLL's objections under Rule 26(b)(5)(B) should be denied.[3] Striking JLL's objection would be a clear violation of the spirit of that Rule; it would abrogate entirely the Rule's requirement that the party receiving the information "must not use or disclose" it "until the claim is resolved." Fed. R. Civ. Proc. 26(b)(5)(B).

## IV.  CONCLUSION

This application is procedurally and substantively improper. Plaintiff raises issues that are moot, not proper for *ex parte* relief, and which are effectively substantive arguments on summary judgment. For all the foregoing reasons, JLL respectfully requests the Court: (1) deny Plaintiff's *ex parte* application, insofar as it

---

[3] JLL does not oppose Plaintiff's request for the Court to seal the privileged evidence, and those portions of Plaintiff's summary judgment opposition and response to JLL's separate statement that cite to the privileged evidence. (*See* Plaintiff's *ex parte* application at 22:6-16). However, sealing the documents is necessary, but not sufficient to resolve this issue. Plaintiff needs to withdraw those portions of his Opposition that rely on privileged information, having failed to have the privilege issue adjudicated prior to using the documents in question.

10   Case No. 2:15-cv-03883 SJO (FFMx)
DEFENDANT'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION
24765051_1.docx

is an unauthorized sur-reply and seeks relief not warranted under the circumstances; and (2) award JLL monetary sanctions in the amount of $4,465 for its attorneys' fees and costs in preparing this opposition.

DATED:  May 10, 2016

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ David Z. Feingold
Elizabeth A. Falcone
David Z. Feingold

Attorneys for Defendant
JONES LANG LASALLE AMERICAS, INC.